## THE STATE v. HAVEN.

1. **Criminal Law**: SEDUCTION: EVIDENCE. It will be presumed that, upon a trial for seduction, the testimony of the prosecutrix will be given, as far as possible, with the purpose of shielding herself, and her language, therefore, should not receive a strained construction in order to sustain a verdict of guilty.

*Appeal from Howard District Court.*

MONDAY, APRIL 24.

INDICTMENT for seduction, verdict of guilty, and judgment thereon. Defendant appeals. The facts are sufficiently stated in the opinion.

*H. A. Goodrich,* and *Noble, Hatch & Frese,* for defendant.

*M. E. Cutts,* Attorney-General, for plaintiff.

SEEVERS, CH. J. A reversal of the judgment of the court below is sought, for the reason, as claimed, that the verdict is not supported by sufficient evidence. The defendant and the prosecutrix were both unmarried, and the latter, at the time of the alleged seduction and for sometime previous thereto, made her home at the house of the parents of defendant, but in what capacity does not appear. The prosecutrix was about twenty-two years old, and the defendant is presumed to have been several years older. If any false promises were made, or seductive arts or influences used amounting to seduction, it will be found in the following portion of the testimony of the prosecutrix: "When we were returning from meeting defendant said he had heard me remark that I never intended to get married, and he wanted me to promise to marry him, if anybody. I had a proposal from a widower; defendant wanted me to promise not to marry him, and I told him I did not intend to marry anyway. * * * There was about three evenings we sat and talked after the family went to bed. In November, 1870, he came to my room door and said he wanted to kiss me; I told him it was no time for him to say

anything to me; that it was mid-night and for him to leave my room; I got up and dressed.    *    *    *    He took me home one time from the cars, and on the way said his mother thought I would make as good a companion as Webster Haven's wife.  He used to say to me I was the only one he ever met he cared anything for, and he intended some day to get married, and when he did he wanted I should be his wife. February 16th, 1871, my birth-day, we had our pictures taken together, he and I and an acquaintance of ours in one group.  *    *    *    On the night of the 7th of July, 1871, he came to my room, and as I woke up he was in my bed.  He grabbed me as I turned over; I said, ' O my Lord, Norman, I am a ruined girl.'  He said keep still, or I would be hurt.  I said, ' O Lord.'  He said I ought to know him well enough, that he would not deceive me.  He put his hand on my face and kissed me, and said for me to keep quiet.  I had intercourse with him that time.  He was not there but a few moments. I told him to leave; he said he would hardly.    *    *    *    He was in bed but a few minutes; about five or ten.  I recollect his telling me I need not be uneasy. that he would not forsake me, that I ought to know him.  I did not tell him I was not afraid at all; only a few words passed.  It was about midnight. When he took hold of me he grabbed me in his arms; I didn't mean that he hurt me.  I tried to pull away from him. The second time he was in my room about midnight.  The night of July 7th, he did not promise to marry me; no prom-ise was made, because I never came out and told him I would marry him until I wrote that letter from mother's.  I told him at first I didn't intend to marry anybody; afterwards I told him I never should marry any one but him since this happened, but not before I told him I would marry him."

It is perfectly natural and to be expected that the prosecu-trix should as far as possible shield herself and cast the blame, if any there was, on the defendant.  There should not there-fore be any strained construction put on her language in order to sustain the verdict.  On the contrary, as the defendant is entitled to the benefit of all reasonable doubts there may be as to his guilt, the language of the witness should receive no

other construction than its fair and natural meaning may entitle it to. The material inquiry is, was there a promise of marriage existing between the prosecutrix and the defendant, or did the latter use any arts, false promises or seductive influences whereby or by reason whereof the prosecutrix was induced to yield herself to the embraces of the defendant. We think the fair and reasonable construction of the evidence is there was not. To make such out, a strained or unnatural construction must be placed on the language of the witness. This the jury were not warranted in doing in order to convict. The verdict is not, therefore, supported by sufficient evidence.

.REVERSED.