EMELINE EIKENBERRY v. THE TOWNSHIP OF BAZAAR, CHASE COUNTY.

DEFECTIVE HIGHWAY; *Damages; Liability.* As there is no express statute imposing a liability on townships for injuries sustained from defects in highways within their limits, such corporate organizations in this state are not liable in a civil action for damages for neglect of public duty in failing to keep the highways in a safe and proper condition.

*Error from Chase District Court.*

ACTION brought by *Emeline Eikenberry*, September 3, 1878, to recover from the *Township of Bazaar*, in Chase county, damages for personal injuries alleged to have been occasioned on account of the impassability of a public highway. The petition filed in the case was as follows:

"The plaintiff shows to the court that the defendant is now and for more than two years last past has been a duly organized and incorporated township, in the county of Chase and state of Kansas.

"That there is now and for two years last past has been a duly laid-out, open and traveled road, running from Matfield Green, in said county and state, through said township of Bazaar, on the west side of the south fork of the Cottonwood river, to the city of Cottonwood Falls, in said county and state; that during the spring and summer of 1878 the said defendant and its officers, to wit, its road overseer and its trustee, have wholly failed and neglected to take care of and keep unobstructed said road where the same runs through said defendant township, and in the month of June and July, 1878, portions of said road, where the same runs through said defendant township, were wholly impassable, on account of mud allowed to accumulate thereon by the negligence and carelessness of the said defendant township and its trustee and road overseer.

"That the plaintiff, not knowing the facts aforesaid, and while passing along said road with her husband in a two-horse wagon, on or about the 4th day of July, 1878, came where said road passes over a portion of section 6, township 21, range 8, east, in said defendant township, and finding that said road was impassable on account of the mud allowed to accumulate thereon by said defendant township as aforesaid, was compelled to and did turn out to one side of said road to pass by the place thereon rendered impassable as aforesaid; and while crossing a ditch, without any negligence or carelessness on the part of the plaintiff or her said husband, she was thrown from the wagon in which she was riding, and received from her fall great bodily injury and harm, which resulted in her confinement to her bed for a period of more than two months, and the loss of the use of one of her limbs.

"That the ditch, in crossing which plaintiff was thrown

from the wagon as aforesaid, had to be crossed by plaintiff and her husband in order to pass by said impassable place on said road; that by reason of the facts aforesaid the plaintiff has been injured to her damage in the sum of five thousand dollars.

"Wherefore, plaintiff demands judgment for the sum of five thousand dollars, and for her costs in this suit expended."

To this petition the township demurred, and the demurrer was sustained by the court, to which the plaintiff excepted, and now brings the case to this court.

*S. P. Young,* and *Sterry & Sedgwick,* for plaintiff in error:

Can a municipal township in this state be held liable to respond in damages for injuries caused by the neglect of such township to keep the roads within its limits in a passable condition? By the force of our statutes, municipal townships are made corporations, with certain well-defined powers, among which are the following: The power to levy a sufficient road tax; the power to prosecute for all violations of the road laws within their respective limits; the power to keep all roads within their limits in a good, safe and passable condition, &c., and to remove all obstructions to any highways. (Gen. Stat., ch. 110, §§ 1, 22, 32; Laws 1874, ch. 108, §§ 18, 23, 27, 28; Laws 1871, ch. 158, §§ 1, 2, 3; Laws 1872, ch. 174.) The power of a township and its officers over the roads within its limits, and its duty to take care of the same and keep them in a good condition for travel, are just as full, complete and obligatory as the power and duty of any city in the state in reference to the same subject. All streets in every city in this state are declared to be public highways. (Laws 1874, ch. 108, §§ 15, 16.) By the provisions of the laws above mentioned, the road overseer of a township is vested with precisely the same authority and duty in respect to roads as a street commissioner in a city with reference to streets therein. To the township trustee are given as full powers over roads in his township as are given to city councils in any of the cities over the streets in such cities. (Laws 1871, ch. 153.) A careful examina-

tion of all the laws above referred to, and of the powers conferred upon cities under our statutes, leads to the inevitable conclusion that there is absolutely no distinction between the powers and duties granted to and imposed upon municipal townships and the powers and duties granted to and imposed upon cities, in this state, in reference to keeping the roads and highways in a safe and passable condition. That a city would be liable under the facts stated in the petition in this case, so far as the question under discussion is concerned, must be conceded under the many decisions of this court. (5 Kas. 311; 9 id., 550; 11 id., 124; 13 id., 121; 15 id., 81; 16 id., 358.) In the last case cited, the court announced the following proposition: "Cities having powers ordinarily conferred upon them in reference to streets, etc., owe to the public the duty of keeping them in a safe condition for use in the usual mode by travelers, and are liable in a civil action for special injuries resulting from neglect to perform this duty." The court, by the above proposition, affirms the doctrine that the legislative grant of power to do an act is equivalent to enjoining the doing of such act as a matter of duty. This doctrine is the one upon which all that class of cases rests, which hold municipalities liable for such injuries in the absence of express statutes giving the right. Under this principle there can be no question but that municipal townships in this state are liable for all injuries occasioned by their neglect in keeping the roads within their limits in an unsafe condition for travel. We are of course aware of the authorities which hold that, although the power may be conferred upon townships, yet they are not liable, because the duty conferred is not a corporate duty. That such decisions are not applicable to townships in this state, we think there can be no question, because it is just as much a corporate duty on the part of a township as it is the part of a city in this state, as the duty is under the laws conferred upon each by the same statutes and in the same terms.

Judge Dillon, in his work on Municipal Corporations, uses

the following language in reference to the distinction attempted to be made by this class of cases between townships and cities: "The grounds for the distinction, which gives an action if the injury happens within the limits of a municipality having control of the streets therein, and denies it if it happens within the limits of a township or county having control over the highways, and adequate means of discharging its public duty in respect thereto, are not as satisfactory to the mind as could be desired."

If the court decides the main question with us, it is hard to see just how its decision can be adverse to us upon the other question presented by the case, which is, whether a person who is forced out of the road by reason of its being impassable at a given point through the negligence of a township can recover for injuries received while off from the road. The condition of the road being the direct cause of the injury, it seems hardly possible to say that the defendant would not be liable if its liability be conceded in case the injury had happened in the road. Upon this point, we refer the court to the case of *Glidden v. Reading*, 38 Vt. 52.

*John V. Sanders, W. S. Romigh*, and *S. N. Wood*, for defendant in error:

Plaintiff in error has not only failed to show any principle of common law by which townships were ever made liable for injuries sustained from defective highways within their limits, but has also failed to refer to any statute creating such a liability. No such liability exists at common law. Angell on Highways (2d ed.), p. 297, § 258; 8 Barb. 645; 54 Ala. 639; 25 Amer. Rep. 730; 55 Ill. 346; 8 Amer. Rep. 652; 4 Mich. 557; 27 Barb. 543.

For us to undertake to show that no such liability exists by statute, would be like undertaking to hold nothing up to the vision of the eye. If the statute makes any such liability, it must be to be seen, and the plaintiff should show it; and the plaintiff having failed to do so, we submit that there is none.

The opinion of the court was delivered by

HORTON, C. J.: The principal question presented is, whether a township in this state is liable for injuries caused by unsafe or defective highways? In the absence of an express statute imposing the liability, the authorities uniformly hold that organizations, such as counties, townships, school districts, road districts, and the like, though possessing corporate capacity and power to levy taxes and raise money, have been considered not to be liable for neglect of public duty. The theory of these various decisions is in effect, that such organizations, though corporations, exist as such only for the purposes of the general political government of the state; that all the powers with which they are intrusted are the powers of the state, and all the duties with which they are charged are the duties of the state; that in the performance of governmental duties, the sovereign power is not amenable to individuals, and therefore these organizations are not liable at the common law for such neglect, and can only be made liable by statute. (Cooley on Torts, 622; Dillon on Mun. Corp., vol. 2, 761, 763; *Town of Waltham v. Kemper*, 55 Ill. 346; *Comm'rs of Hamilton Co. v. Mighels*, 7 Ohio St. 109.)

As our state has not adopted any statute expressly making townships liable for injuries on highways resulting from neglect of public duty, these organizations are not, under the authorities, liable in civil actions, for neglect in that regard.

Counsel for plaintiff in error cite the decisions of this court, that cities having power conferred upon them in reference to streets and sidewalks, which in some respects are similar to the powers granted townships, are liable for injuries resulting from failure to keep their streets and sidewalks in safe condition, and assert that, logically, the same doctrine should be applied to townships. Counsel fail to note the distinction between municipal corporations proper and *quasi* corporations. This distinction is pointed out and commented on in *Beach v. Leahy*, 11 Kas. 23. Cities, towns and villages

36—22 KAS.

are municipal corporations proper, while counties, townships,. school districts and road districts are *quasi* corporations. The difference between these two classes of corporations is well established, and a principle applicable to the one class is not necessarily applicable to the other.

The order and judgment of the district court will therefore be affirmed.

All the Justices concurring.