THE BOARD OF COMMISSIONERS OF MARION COUNTY
v. MAHLON RIGGS.

1. DEFECTIVE HIGHWAY; *Non-Liability of County*. In the absence of a liability expressly declared by statute, a county is not liable for damages accruing from defective highways or public bridges.

2. ———— The case of *Eikenberry v. Township of Bazaar*, 22 Kas. 556, referred to and affirmed.

*Error from Marion District Court.*

ACTION brought by *Riggs* against the *Board of Comm'rs of Marion Co.*, and the City of Florence, to recover damages sustained by certain live stock belonging to plaintiff, by reason of an unsafe and defective public bridge, in said county. The petition stated in substance that the bridge in question was built by the county of Marion, at a cost of over two hundred dollars; that it was a part of the public highway of the county; that it was impaired and unsafe for public travel; that the plaintiff, without any knowledge of its impairment and of its unsafe condition, drove his cattle and other live stock thereon, and that while they were crossing said bridge, it broke down because of its impaired condition, and killed and injured a large number thereof.

*Riggs* asked judgment against the defendants for $200, with interest thereon at the rate of seven per cent. per annum, from September 19, 1876, and for costs. Trial by the court at the April Term, 1879, and judgment for the plaintiff and against the defendant, *Board of Comm'rs*, for $175 and costs. The *Board* brings the case to this court.

*C. Reed*, for plaintiff in error:

In the absence of a statute creating a liability, a county can in no case be made to respond in damages for injuries arising to parties by reason of a defective and unsafe public bridge: Dillon on Mun. Corp., § 785; 41 Miss. 236; 11 Mich. 88; 3 N. J. L. (Dutch.) 415; 3 N. J. L. (Harr.) 108;

32 N. J. L. 394; 21 Cal. 426; 1 Gilm. (Ill.) 567; 21 Mich. 87; 26 Iowa, 264; Angell on Highways, (2d ed.,) § 258; 8 Barb. 258; 54 Ala. 639; 55 Ill. 346; 4 Mich. 557.

It would seem therefore to follow, beyond all question, that in the absence of an express statute, the county is in no event liable for damages occasioned by unsafe and defective bridges. Have we such a statute? None that I can find. See *Eikenberry v. Township of Bazaar*, 22 Kas. 561.

*Frank Doster*, for defendant in error:

It seems to be generally admitted that municipal corporations proper, such as cities, are liable without a statute imposing such liability, and numerically considered, the weight of authority is probably to the effect that *quasi* corporations, such as counties, are not liable without being made so by statute. The reason for this distinction is not satisfactory to some of the most learned and eminent judges and authors. (Dillon on Mun. Corp., §§ 764, 765, 785.)

If on principle, and without a statute, either a county or a city is responsible in damages for the neglect of its officers to repair a highway or a bridge, it can only be so because the duty to repair is imposed by law, and provision for its discharge made in the revenue statutes. This seems to be a sufficient reason. It was recently so held by the supreme court of Indiana, in a case precisely in point, in which the principal authorities were reviewed in an exceptionally able and satisfactory opinion, and a county decided to be responsible for damages occurring from a defective bridge. (60 Ind. 580.) Such also is the firmly-established doctrine in Iowa: (13 Iowa, 181; 16 id. 339; 26 id. 264; 26 id. 395; 40 id. 394; 42 id. 58; 43 id. 456.)

The obligation to repair is imposed upon counties by our statutes, and ample means afforded for its discharge. (Comp. Laws 1879, ch. 16, § 1, *et seq.*)

There are differences between the case under discussion and that of *Eikenberry v. Bazaar Township*, 22 Kas. 556. The means of discharging the liability in question are much

greater in the case of counties than townships. A road tax cannot be levied by the township officers alone; such tax must be levied with the advice and concurrence of the board of county commissioners. (Comp. Laws 1879, ch. 110, § 22.) Such tax (we presume it to be the same) cannot exceed in amount three mills on the dollar. (Comp. Laws 1879, ch. 89, § 21.) Two days' labor per year on the public highways is all that is required to be performed, (ch. 89, *supra*, § 18,) unless more can be imposed in the contingencies mentioned in § 27 following, which we think doubtful. Generally, the powers of township officers are much more limited than those of boards of county commissioners.

We respectfully submit, that if the case of *Eikenberry v. Township of Bazaar* can be held to apply to the one under discussion, that the principle upon which it was decided will bear reëxamination by the court.

The opinion of the court was delivered by

HORTON, C. J.: The only question presented in this case is, whether a county is liable for damages accruing from a defective and unsafe bridge, built by the county as a part of the public highway? It is conceded by counsel that there is no express statute imposing any liability; therefore the question must be answered in the negative upon the authority of *Beach v. Leahy*, 11 Kas. 23, and *Eikenberry v. Township of Bazaar*, 22 Kas. 556.

Counsel suggest that if it be held that the case of *Eikenberry v. Township of Bazaar*, supra, is applicable, that in view of the decisions in *House v. Montgomery Co.*, 60 Ind. 580, and in *Wilson v. Jefferson Co.*, 13 Iowa, 181, and *Huston v. Iowa Co.*, 43 Iowa, 181, this court ought to reëxamine the question, on principle. Counsel further contend, that as this court has decided that municipal corporations proper, such as cities, are liable for damages resulting from the negligent exercise and control over the streets and sidewalks within their limits, without any statute imposing such liability, it follows logically that counties are equally liable. We are

17—24 KAS.

aware of the diversity in the decisions in respect to the lia-
bility of a county in neglecting to keep in repair bridges and
highways, and the difficulty of stating clearly and satisfac-
torily the principle upon which to rest the distinction between
the implied liablility of cities and counties.   If the writer of
this opinion deemed the question an open one in this state,
and felt at liberty to pass upon the subject solely in accord-
ance with sound reason, he would deny the liability of even
cities in neglecting to exercise their control and care over
streets and sidewalks, or for their imperfect execution of such
power.   Their implied liability, however, has been generally
recognized by the decisions of ·other states, and has been for
a long time followed by this court, and ought not now to be
abandoned because the reasons given for its original adoption
are not satisfactory. (See *Jansen v. City of Atchison,* 16 Kas.
358, and especially the remarks and authorities cited in brief
of counsel of defendant in error, pp. 360, 375.)

The distinction between the implied liability of cities and
of *quasi* corporations, like counties, has been recognized in
this state by prior adjudications, and whether properly or not,
we need not inquire, in view of the fact that a new examina-
tion of the question before us on principle convinces us of
the entire correctness of our ruling in *Eikenberry v. Town-
ship of Bazaar,* supra, and the principle there announced is
decisive against the claim of defendant in error.

The conclusions reached in *House v. Montgomery Co.,* 60
Ind. 580, are not satisfactory to us.

In the late case of *Kincaid v. Hardin Co.,* 11 Cent. L. J.
227, the supreme court of Iowa refused to extend the liability
of a county to a case where a person was injured by reason
of the negligent construction of a court-house.   Yet the dis-
tinction in principle between an injury resulting from a
defective county bridge, and one caused by a defective and
improperly constructed court-house, is not very easily demon-
strated.   In the conclusion of the opinion, it is stated, that
if the liability of *quasi* corporations is further extended in
that state, it must inevitably lead to inextricable complica-

tions arising in actions for all possible negligent acts. This is virtually a confession that the rule previously adopted in that state as to the implied liability of counties, is a dangerous doctrine, and if followed to its logical results, would cause confusion worse confounded.

The judgment of the district court will be reversed.

All the Justices concurring.