THE BOARD OF COMMISSIONERS OF WYANDOTTE COUNTY
v.. THE CITY OF WYANDOTTE.

COUNTY BRIDGE; *Cost of Repairs.* Where a bridge built by a county hav-
ing over twenty thousand inhabitants is out of repair, the board of county
commissioners shall estimate the cost of repairing it, and make an ap-
propriation therefor, notwithstanding it is situate within the limits of
a city of the second class.

## *Error from Wyandotte District Court.*

OCTOBER 8, 1881, the *City of Wyandotte* presented to the
*Board of Commissioners of Wyandotte County* a claim for re-
pairing the iron bridge over the Kansas river, amounting to
$223.17. On that day the bill was rejected by the county
commissioners, and thereafter an appeal was taken to the
district court of Wyandotte county. On the 30th day of
December, 1881, the case came on to be heard before the dis-
trict court upon the following agreed statement of facts:

"1. That the plaintiff, the city of Wyandotte, is a munici-
pal corporation, a city of the second class, in said county of
Wyandotte, duly incorporated under the laws of Kansas.

"2. That on the 1st day of October, 1881, and for a long
time prior thereto, the iron bridge across the Kansas river be-
tween the city of Kansas City, Kansas, and the city of Wy-
andotte, was out of repair and in a very dangerous condition
for public travel.

"The bridge was built by Wyandotte county, at an expense
of some sixty thousand dollars. It is partly in Wyandotte
city and partly in Kansas City, Kansas, spanning the Kan-
sas river, which is the dividing line between the said cities;
and said bridge is a public thoroughfare. In consequence of
the impassable condition of the bridge, the city of Wyandotte
through its officers notified and requested the board of county
commissioners to make the necessary repairs immediately upon
the bridge. This was about the 1st day of October, 1881.
Repairs were not made by the county, and thereupon Wyan-
dotte city made the necessary repairs, and on the 8th day of
October, 1881, presented the itemized bill herewith filed and
made a part hereof, against the county of Wyandotte, before
the board of county commissioners of Wyandotte county, for

payment, duly sworn to as required by law.    Thereupon said board refused and rejected payment of said bill herewith filed, for the reason that the county was not liable to keep said bridge in repair; and from that action of the board this appeal was taken, on the 18th day of October, 1881.

"It is further agreed that all questions of whatever nature are waived, except the liability of said defendant to keep said bridge in repair, which question is presented to this court for determination, and if the liability for keeping such bridge in repair is on the county of Wyandotte, judgment will be rendered for the plaintiff; but if such liability is upon the city, then such judgment should be for the defendant and against the plaintiff.

"Dated November 18, 1881."

The court found thereon that there was due to the plaintiff from the defendant the sum of $223.17, and rendered judgment therefor, together with costs.    The *Board of Commissioners* brings the case here.

*Jas. S. Gibson,* for plaintiff in error.

*H. L. Alden,* and *Henry McGrew,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The fact that the bridge was built by the county and is the property of the county, would seem to carry with it as an incident the right of the county to take care of, preserve and control it, unless the legislature by enactment has directed otherwise. (*State v. Supervisors,* 41 Wis. 28.)    An examination of the statute demonstrates that this power is not interfered with by the statute, but on the other hand, express authority is given counties to repair bridges and make appropriations therefor.

Sec. 17, ch. 16, Comp. Laws 1879, reads as follows:

"It shall be the duty of the board of county commissioners, in counties having twenty thousand inhabitants or more, . . . to determine what bridges shall be built and repaired at the expense of the county, and what bridges at the expense of the township."

Sec. 24, said ch. 16, further provides:

"When a bridge built by the county is out of repair, the board shall estimate the cost of repairing it, and make an appropriation therefor; and may require the township trustee of the township, or the overseer of the road district in which the bridge is located, or some other suitable person, to proceed immediately to repair the same as the board may direct: *Provided*, That if the costs of repairing the same exceed one hundred dollars, then like preliminary steps shall be taken as in building a bridge."

By the census of 1881, the county of Wyandotte has over twenty thousand inhabitants, and within the above provisions it is the duty of that county to maintain and repair the bridge in controversy, notwithstanding it is partly in Wyandotte city and partly in Kansas City, Kansas. The legislature may enact all needful regulations for the control and repair of property held by the county in trust for public use, and there is nothing in the acts incorporating cities of the second class in conflict with the sections of the statute cited. Counsel for plaintiff in error cites *Commissioners v. Riggs*, 24 Kas. 255, and urges that the decision therein is to the effect that the county is not under duty to repair bridges. That decision does not sustain the proposition contended for. It was decided in that case only "in the absence of a liability expressly declared by statute, a county is not liable for damages accruing from defective highways or public bridges." This, because a distinction has been recognized by the adjudications in this state, between the implied liability of cities and of *quasi* corporations like counties.

The judgment of the district court will be affirmed.

All the Justices concurring.