THE KANSAS CITY BRIDGE AND IRON COMPANY v. THE BOARD OF COUNTY COMMISSIONERS OF WYANDOTTE COUNTY.

1. BRIDGE, *Appropriation for; Authority of County Board.* The board of county commissioners of Wyandotte county appropriated $980 to assist in the building of the Riverview bridge — a bridge across the Kansas river between the cities of Wyandotte and Kansas City, in this state, and connecting two public thoroughfares of the county. *Held,* That the board has the authority to make the contract and pay therefor according to its terms, although the contract only provided for the building or finishing of a portion of the bridge, if, with the assistance thus rendered by the board, the bridge becomes a completed structure fit for use.

2. NOTICE — *Substantial Compliance with Statute.* A notice published by the board of county commissioners in the official paper of their county, of their intention to appropriate money to build a bridge, thirty days prior to the time fixed for the regular meeting of the board, specifying the place where such bridge is proposed to be built, and the estimated cost thereof, is a substantial compliance with the provisions of § 2, ch. 64, Laws of 1876 — § 398, ch. 25, Comp. Laws of 1879.

3. BOND OF CONTRACTOR, *When Not Invalidated.* Where the person to whom a contract is awarded for the building of a bridge, under the terms of the act providing for building and repairing bridges in counties having twenty thousand inhabitants or more, at the time of the execution of the contract, gives a bond with good and sufficient sureties, payable to the county, and recites thereafter "and the state of Kansas," and such bond does not upon its face show that it is "for the benefit of the bridge fund," *held,* that such alleged defects cannot vitiate or invalidate the bond so as to defeat the payment for the bridge after its construction and acceptance according to the terms of the contract.

*Error from Wyandotte District Court.*

THE facts in this case are substantially as follows: On January 8, 1884, R. W. Hilliker, mayor of Kansas City, in this state, and seventy-six other residents and tax-payers of Wyandotte county, filed a petition with the board of county commissioners of that county, asking them to appropriate $1,000 to assist in building a bridge across the Kansas river,

between the cities of Wyandotte and Kansas City, in this state, the bridge to be known as the Riverview bridge. On the same day the petition was referred by the board to the county attorney for an opinion thereon. On January 10, 1884, the petition, with the opinion of the county attorney advising the board that it had the power to grant the appropriation asked for, was returned to the board, and thereupon the board made the following order:

"That the intention of the board to appropriate, at its next regular meeting in April, 1884, the sum of $1,000 to build a bridge to connect with the west end of the bridge now in course of construction between Wyandotte and Kansas City, Kansas, be advertised as required by law."

On April 11, 1884, the board considered the matter of building a bridge to connect with the bridge then in the process of construction across the Kansas river between Wyandotte and Kansas City, and known as the Riverview bridge, and made the following order:

"It appearing that the intention of the board to appropriate, at its April meeting, the sum of $1,000 for the purpose of building said bridge, has been advertised in all respects according to law, and the county attorney having heretofore filed a written opinion in the matter, which opinion sets forth that the county commissioners have the power to build the bridge, if, in the opinion of the board, the bridge will be of benefit to the county; and plans and specifications of the bridge having been prepared and filed in the office of the county clerk, together with an estimate of the cost thereof, and the board believing that the bridge will be of great public benefit and utility to Wyandotte county, and especially to the cities about the mouth of the Kansas river, therefore, on motion, it is ordered that the sum of $1,000 be and the same is hereby appropriated for the purpose of building said bridge; and it is also ordered that said bridge be built at as early a date as is practicable, and that the bids for building said bridge according to the plans and specifications now on file in the office of the county clerk, will be received by the board of county commissioners of Wyandotte county, Kansas, on Monday, May 12, 1884, and the county clerk is hereby authorized and directed to advertise in the official paper of the county in accordance herewith."

On May 13th, the board, after finding that the notice of the time of letting the contract had been duly advertised according to law, considered three separate bids tendered, and found that the bid of the Kansas City Bridge and Iron Company was the lowest and best. Thereupon, the contract was awarded to that company, and the county attorney was ordered to draw up a written contract in accordance therewith. The company was also ordered to and did give a bond in the sum of $2,000, conditioned for the faithful performance of the contract. On May 16, 1884, the board entered into a written contract with the Kansas City Bridge and Iron Company, for the construction of a bridge at the east approach of the Riverview bridge, then in the process of erection across the Kansas river between the city of Wyandotte and the city of Kansas, in accordance with the plans and specifications attached to the contract, the consideration for the construction of the bridge to be $980, the work to be done under the direction and supervision of J. H. Lasley, county surveyor of Wyandotte county, and not to be accepted until the said J. H. Lasley had filed with the board a certificate that the bridge was completed to his satisfaction. The Bridge and Iron Company performed its contract according to the terms thereof, and thereupon presented its demand for payment, properly verified and filed in the office of the county clerk. This officer certified it to the county auditor. The county auditor returned the claim to the board with his report thereon, recommending its disallowance, because the structure was not a bridge. The board disallowed the claim. On October 31, 1884, the company appealed from the decision of the board of county commissioners of Wyandotte county. On January 17, 1885, the cause was heard in the district court of that county before the court, a jury being waived. Judgment was given for the board of county commissioners and against the Kansas City Bridge and Iron Company for costs. A motion for a new trial was made and overruled. The company excepted to the rulings and judgment rendered, and brings the case here.

*Pratt, Brumback & Ferry,* for plaintiff in error.

*James S. Gibson,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: In the district court, this cause came up on appeal from the board of county commissioners of Wyandotte county in disallowing the claim of the Kansas City Bridge and Iron Company for the sum of $980 expended upon the Riverview bridge — a bridge across the Kansas river between the cities of Wyandotte and Kansas City, in this state. The Riverview bridge connects the two public thoroughfares in Wyandotte county — Sixth street, in Kansas City, on the east, and a county road on the west. The learned judge who tried this case decided against the allowance of the claim, for the following reasons: First, that as the Kansas City Bridge and Iron Company is a Missouri corporation, it had no power to enter into a written contract to construct a bridge in this state; second, that as the Riverview bridge connects the two cities of Wyandotte and Kansas City, the authority to build the bridge did not reside in the board of county commissioners of Wyandotte county, but solely in the cities of Wyandotte and Kansas City; third, that the board of county commissioners did not publish as required by law, notice of the intention to build the bridge; therefore that the order of the board making the appropriation for the bridge is void, and that the contract subsequently made is also void. That a corporation created in a foreign state may transact its business in this state, if not repugnant to or prejudicial to our laws, is too well settled to need comment. (*Land Grant Rly. Co. v. Comm'rs of Coffey Co.,* 6 Kas. 245; *O'Brien v. Wetherell,* 14 id. 616.)

"A corporation is clothed everywhere with the character given by its charter, and the capacity of corporations to make contracts beyond the states of their creation and the exercise of that capacity, is supported by uniform, universal and long-continued practice." (*A. T. & S. F. Rld. Co. v. Fletcher,* ante, p. 236; *Bank of Augusta v. Earl,* 13 Pet. 519.)

There is no statute in Kansas forbidding the Kansas City Bridge and Iron Company from doing business within this state, or imposing any restriction on the exercise of its power. Within the authority of the *Comm'rs of Wyandotte Co. v. City of Wyandotte*, 29 Kas. 431, the right of the county to build the bridge in controversy is fully justified, under the circumstances of this case. (See also Comp. Laws of 1879, ch. 16, § 23; id. ch. 107, §§ 83, 84.)

1. Bridge, appropriation for; authority of county board.

Although the county built but a portion of the bridge, it is a free and public one, and connects two public thoroughfares of the county. ( *The State v. Lawrence Bridge Co.*, 22 Kas. 438; *Goodhill v. Town of Beloit*, 21 Wis. 637; *Williams v. Inhabitants of Cummington*, 18 Pick. 312.)

The statute requiring notice of the intention to build the bridge before an appropriation is made therefor, reads as follows:

"It shall be unlawful for any board of county commissioners to make an appropriation for building any bridge, unless notice of the intention to build such bridge has first been published in the official paper of the county at least thirty days prior to the time fixed for a regular meeting of the board, which notice shall specify the place where such bridge is proposed to be built, and the estimated cost of the same, and no appropriation for building any bridge shall be made except at a regular meeting of the board." (Laws of 1876, ch. 64, § 2; Comp. Laws of 1879, ch. 25, § 39b.)

The publication was for the required time, as provided by the statute, and therein gave notice of the intention of the board of county commissioners to appropriate, at a regular meeting of the board in the following April, $1,000 to build a bridge to connect with the west end of the bridge then in construction between Wyandotte and Kansas City. We think the notice was in substantial compliance with the statute, and the objection made hypercritical. The notice of the intention of the board of county commissioners to appropriate money to build the bridge in question was in substance a notice of the intention of the

2. Notice; substantial compliance with statute.

36 — 35 KAS.

board of county commissioners to build the bridge, and such notice served all the purposes the statute was intended to accomplish. The record, however, contains the stipulation that all objections to the regularity of the proceedings leading up to the construction of the bridge were waived at the trial upon the appeal.

In addition to the reasons given by the trial court for refusing the claim of the bridge company, counsel for the board of county commissioners insists that as the work for which the claim of the company is presented is for the building of the eastern span of the Riverview bridge, and not for a completed structure, the board has no authority to make the contract or pay for the work done; and second, that no sufficient bond was executed, as provided for by § 23, ch. 16, Comp. Laws of 1879. The statute provides that when the expense of building a bridge exceeds $2,000, no appropriation shall be made out of the county treasury until the question has been submitted to the people of the county at some general election, whether the county commissioners shall make an appropriation therefor. This provision in the statute is to limit the power of the county board in making appropriations for the building of bridges. (Comp. Laws of 1879; ch. 16, § 30.) If the expense is less than $2,000, the appropriation may be made without the vote of a majority of the electors, if notice of the intention to build the bridge is published as required by law. In this case, the contract for work to be expended on the bridge was limited to $980. As we understand the record, when the portion of the bridge built under the order of the county commissioners was completed, the whole structure was completed, and as completed, the bridge connected two public thoroughfares of the county. We do not think the statute forbids private parties or corporations from assisting the county in constructing a bridge, and thereby decreasing the expense of building the same. If all the parts of a county bridge are built by private parties or by a corporation, except the approach or a single span, and the county commissioners by building such approach

or span can obtain for the county a complete structure, that is, a whole bridge fit for use, there is nothing in the statute to prevent the county commissioners from accepting and completing such a structure or bridge.   Of course a county board could not build a single span, costing $2,000 or less, under the guise of a bridge, and when the span is completed, build another span, and in this way evade the statute by building a bridge by piecemeal, costing in the aggregate over $2,000 but the different parts thereof costing less than $2,000.   In this case, while the whole structure cost more than $2,000, the portion built by the county cost less than $2,000, and the county did not intend to build the bridge by piecemeal, so as to expend more than $2,000, but accepted a bridge about completed by adding or building thereto a span or approach. There was no evasion of the statute, and the power exercised was within the authority conferred.   Although the county commissioners built only a part of the bridge, the bridge is a public one and the control thereof is in the public. ( *Bell v. Foutch,* 21 Iowa, 119; *Yant v. Brooks,* 19 id. 87; *Barrett v. Brooks,* 21 id. 145.)   The statute provides that at the time of the execution of a contract for the building of a bridge,

3. Bond of contractor, when not invalidated.

the person or persons to whom the contract is awarded shall execute a bond, with sufficient sureties, payable to the county for the benefit of the bridge fund, in such sum as the board shall direct, conditioned for the faithful performance of the contract.   The bond actually executed is payable to Wyandotte county, and thereafter recites "and state of Kansas." "And" may be construed as "in;" but even if this were not so, the word "and" may be rejected as surplusage, and then the bond is payable to the county of Wyandotte only.   The failure to state upon the face of the bond that the same is payable for the benefit of the bridge fund, does not vitiate it or render it invalid. The objection to the language of the bond after the bridge has been completed and accepted in accordance with the contract, is a novel way to escape the payment of a just claim.

The judgment of the district court will be reversed, and the cause remanded with direction for judgment to be entered in favor of the Kansas City Bridge and Iron Company.

All the Justices concurring.