## JULIA A. NAND v. THE CITY OF NEWTON.
### No. 9840.

DUTY OF REPAIRING BRIDGE—*built by township but afterward taken into city, devolves on city.* Where the owner of land adjacent to a public highway plats it into lots and blocks, and the city authorities of a city to which it is adjacent thereupon duly extend the corporate limits around the land so platted, thereby including one-half of the highway, the fee to which was in the owner of the platted tract, the half of the highway so taken into the city becomes a street thereof, and the city is thereafter bound to keep in repair a bridge theretofore built by the township, but located wholly on the half of the road taken into the city.

Error from Harvey District Court. Hon. F. L. Martin, Judge. Opinion filed May 8, 1897. *Reversed.*

*Peters & Nicholson*, for plaintiff in error.
*Clarence Spooner*, for defendant in error.

ALLEN, J. The question presented in this case is whether a certain bridge across Sand Creek is within the corporate limits of the city of Newton, and the city therefore bound to keep it in repair. The original plat of the city covered section 17, township 23,

range 1, east of the sixth principal meridian. Afterward, a county road sixty feet wide was duly laid out across section 18, the center line of the section running east and west being in the middle of the road. The bridge in question, by falling from which the plaintiff was injured, was constructed on the south half of this road, wholly south of the half-section line. Afterward, Allen Moore, who was the owner of that part of the east half of the southeast quarter of section 18 adjoining this highway, executed a plat of the land adjacent to the highway, laid off in lots and blocks, and, with his wife, duly acknowledged the same and caused it to be recorded. The city council afterward passed an ordinance taking the land so platted into the city. The land adjoining the highway north of the bridge still remains unplatted and without the corporate limits. The pleadings in this case show the foregoing facts, and others sufficient to render the city liable for the injuries received by the plaintiff, if, as a matter of law, the bridge is one which the city was bound to keep in repair. The bridge was constructed by Newton Township before Moore's addition was taken into the city. On motion of the defendant the District Court rendered judgment in its favor on the pleadings. In support of the ruling of the court it is contended that the appropriation of the ground for the highway, when it was originally laid out, divested the land owners of all their interest in it so far as its use for a highway is concerned; that the subsequent dedication of the south thirty feet as a street gave the public no additional rights, and that taking into the city the adjoining land on one side only of the highway could not change the character of the public easement. In support of this contention the cases of *Comm'rs of Wyandotte Co. v. City of Wyan-*

*dotte* (29 Kan. 431) and *City of Eudora v. Miller* (30 id. 494) are cited. The first case cited is quite unlike this in its facts. The bridge was one connecting the cities of Wyandotte and Kansas City. It was originally built by the county, and, under an act of the Legislature, applicable to that case, the county was held liable to pay for keeping the bridge in repair. If the land on both sides of the highway had been platted and taken into the city, there can be no doubt that the jurisdiction of the city would have been extended over it, and that it would have then become the duty of the city to keep it in repair. *City of Eudora v. Miller*, supra; *Comm'rs of Shawnee Co. v. City of Topeka*, 39 Kan. 197; *City of Rosedale v. Golding*, 55 id. 167; Elliott on Roads and Streets, 312. Within the authorities above cited, the fact that the bridge was originally constructed by Newton Township does not affect in any degree the duty of the city to keep it in repair; for it became a part of one of its streets. Does the fact that Moore's addition included only one-half of this road alter the case? It is admitted that the bridge was located entirely on the half that was taken into the city. It has been said in some of the cases, particularly that of the *Comm'rs of Shawnee Co. v. City of Topeka*, supra, that "it is the policy of the law that there should be unity in the control of public thoroughfares so far as possible." It may be argued that, the road having been established as a public highway by the county commissioners, it is against the policy of the law to divide it, and vest control of one-half only in the city, leaving the other half as a county road. This argument, however, derives all its force from the assumption that the road is a single and entire thing. It has been held that, in determining the damages of a land owner, the right of way of a railroad is to be regarded as an

entire thing. *C. K. & N. Rly. Co. v. Van Cleave*, 52 Kan. 665. The same rule would doubtless apply in considering a question of damages resulting from laying out a public road. The General Statutes of 1889, paragraph 5482, provides for establishing roads on county lines by action of the boards of commissioners of the respective counties, and on the lines of cities, by the concurrent action of the board of county commissioners and the city authorities ; — in the latter case, one-half to be on the side of the city, and the other on that of the county.

The same paragraph provides for separate action by the viewers for the city and those for the county. Paragraphs 5508 and 5509 make provision for the improvement of roads located on county or township lines. These provisions clearly contemplate a division of the control of public highways on the center line thereof in certain cases. In the case of a road located on the line of a city, there would seem to be no doubt that the Legislature intended that the part established within the city should be a city street, and that without it, a country road. The division of control would be along a definite line ; and the objection to the termination of the jurisdiction of the city at the center line of a public thoroughfare does not appear serious. In this case, it gives the city a street on its border, thirty feet wide only, adjoining a county road also thirty feet wide. Had there been no road established along the north line of Moore's land, there would be no apparent objection to his dedicating thirty feet for a street, had he seen fit to do so, nor would there have been any doubt as to the city's jurisdiction over it. The fact that a public road had already been laid out did not divest Moore, the owner of the fee, of the right to plat his land into city lots ; and when the authorities of the city of Newton

extended the corporate limits so as to include the platted territory to the center of the road, it changed the character of so much of the county road as was taken from Moore's land, and converted it into a street of the city. The bridge being located wholly on that part included within the city limits, the duty of repairing it devolved on the city authorities; and the city is liable for any injury resulting from their neglect.

The judgment of the District Court is reversed, and the cause remanded for further proceedings.