No. 20,297.

WILLIAM HADDOCK, *Appellant*, V. THOMAS MCDONALD and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE, *Appellees.*

### SYLLABUS BY THE COURT.

1. COUNTIES—*Not Subject to Garnishment.* A proceeding to subject to the payment of a judgment the salary due from a county to a deputy sheriff can not be maintained under section 522 of the civil code.

2. STATUTES—*"Municipal Corporations"—Counties Included—Garnishment.* The legislature, in enacting chapter 151 of the Laws of 1889 exempting municipal corporations from garnishment, intended to include and exempt counties and similar bodies as well as cities.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed July 8, 1916. Affirmed.

*Alex McIntosh,* of Kansas City, for the appellant.

*James F. Getty,* of Kansas City, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff brought this action under section 522 of the civil code to subject to the payment of certain judgments the salary due the defendant from the county for his services as deputy sheriff. While it was alleged that he was an employee it is admitted in the brief that he was deputy sheriff. The court sustained a demurrer to the amended petition and from this ruling the plaintiff appeals.

While the language of the section would bear the construction contended for by the plaintiff and given by the supreme court of Ohio in *The City of Newark v. Funk & Bro.,* 15 Ohio St. 462, holding that a city is included in the words "body politic or corporation," this court in *Switzer v. City of Wellington,* 40 Kan. 250, 19 Pac. 620, took the contrary position and held that to subject a city to such a proceeding would be against public policy.

It is suggested that as the Ohio statute was made a part of the code of 1868 this decision rendered in 1864 is controlling. The same provision, however, is found in the Compiled Laws

of 1862 (ch. 26, §470), except that the words "body politic or
corporate" in the code of 1868 read "body politic or corpora-
tion" in the present civil code (§ 522). The present provision
concerning counties (Gen. Stat. 1909, § 2057) is also found in
the Compiled Laws of 1862 (ch. 52, § 1), each of which pre-
scribes that a county shall be a body corporate and politic.
While it is settled that under article 12 of the constitution
cities are corporations and counties are merely quasi corpora-
tions (*Beach v. Leahy, Treasurer,* 11 Kan. 23; *Eikenberry v.
Township of Bazaar,* 22 Kan. 556; *Comm'rs of Marion Co. v.
Riggs,* 24 Kan. 255), the Switzer case was followed in *National
Bank v. City of Ottawa,* 43 Kan. 294, 23 Pac. 485, holding that
considerations of public policy would not allow a city of the
second class, a corporation and not a mere quasi corporation,
to be liable under process of garnishment. Different courts
take different views of this matter. (12 Cyc. 28.) Although
the decision in the Switzer case was under an act concerning
garnishment in justice court expressly naming corporations,
and although it was held that such designation should include
only private corporations, the reasoning of the opinion was that
to subject public corporations to garnishment would be to turn
them into instruments or agencies for the collection of private
debts which would be manifestly for private and not for public
welfare, and that it would be against public policy to require
such corporations to consume the time of their officers or the
money in their treasuries in defending suits " 'in order that
one private individual may the better collect a demand due
from another.' " (40 Kan. 252.) That case and the one cited
in 43 Kan. which followed it involved debts to private per-
sons. Here the salary claimed is that alleged to be due to
the deputy sheriff of Wyandotte county, an officer with whose
appointment the county has nothing to do and to whom it is re-
quired to pay a salary of $1200 a year. (Gen. Stat. 1909,
§§ 2193, 3714.) The statute in question mentions "any money,
goods or effects which he may have in the possession of any
person, body politic or corporation." (Civ. Code, § 522.) It can
hardly be said strictly that an officer of a county entitled to a
salary of $100 a month has in the possession of such county
any money, goods or effects. It is not like the case of con-
demnation money paid into the treasury ready to be turned

over to the proper party. It is not like a document or article of property in the possession of the municipality to be turned over on demand. It is simply the ordinary case of a right to salary earned. It is not money, it is not goods, it is not effects in any literal sense; it is merely the right to a warrant drawn upon the treasury which when received and endorsed may be cashed.

While this is not a direct proceeding in garnishment, but more in the nature of a proceeding in aid of execution, the result is the same and the objections are the same. For unless expressly commanded by the legislature the officers of a county should not be compelled to devote their time and attention or that of their law officers to making appearances in garnishment cases or to the defense of proceedings of this character to subject the salaries of officers to the payment of judgments in favor of third parties. Again, when the garnishment statute was amended in 1889 (Laws 1889, ch. 151) it was provided that any creditor shall be entitled to proceed by garnishment in the district court of the proper county against any person excepting a municipal corporation. In *Eikenberry v. Township of Bazaar*, 22 Kan. 556, in discussing the distinction between corporations and quasi corporations it was said:

"The theory of these various decisions is, in effect, that such organizations, though corporations, exist as such only for the purposes of the general political government of the state; that all the powers with which they are intrusted are the powers of the state, and all the duties with which they are charged are the duties of the state; that in the performance of governmental duties, the sovereign power is not amenable to individuals and therefore these organizations are not liable at the common law for such neglect [leaving a highway defective] and can only be made liable by statute." (p. 561.)

(See opinion written by Justice Dawson when assistant attorney-general in Fourteenth Biennial Report of the Attorney-general, 1903-1904, p. 29, and authorities cited.)

In *Rathbone v. Hopper*, 57 Kan. 240, 45 Pac. 610, it was held that the term "municipal corporations" may include townships. The statute there under consideration was the refunding act of 1879 (Laws 1879, ch. 50), "An act to enable counties, municipal corporations, the boards of education of any city, and school districts, to refund their indebtedness."

In the opinion it was said:

"A township is generally spoken of as a municipality or municipal corporation, but, strictly speaking, every political subdivision of the state organized for the administration of civil government is a quasi corporation. In this respect they are placed on the same plane as counties and school districts. . . . In the broader sense and in common usage the term 'municipal corporations' includes counties and townships." (p. 242.)

The reasoning of that decision and the authorities cited lead to the conclusion that the statute exempting municipal corporations from garnishment was intended by the legislature to exempt counties as well as cities.

The Switzer case was decided in 1888 and it was quite natural that the legislature in revising the garnishment law the following year should exempt municipal corporations, and it is held that the intention thus expressed was to include and exempt counties as well as cities.

The ruling of the trial court is affirmed.