**CITIZENS' STATE BANK OF ST. FRANCIS, KAN., v. STANDARD ENGINEERING & CONST. CO. et al.**

(District Court, D. Kansas, First Division. October 9, 1924.)

No. 2642.

**1. Counties ⬅221—Person attempting to garnishee county must bring himself within statutory provisions.**

Garnishment proceedings being purely statutory, and as prior to Laws Kan. 1919, c. 237 (Rev. St. Kan. 1923, 60–962, 60–963), county might not be garnisheed, person relying on statutory right must bring himself clearly within provisions of law, or fail in his attempt.

**2. Counties ⬅221—Money due road contractor held not due officer or employee of county, within statute authorizing garnishment of county.**

Road construction contractor is independent contractor, and not officer or employee of county, and money due contractor is not earnings from personal services as officer or agent of county, under Laws Kan. 1919, c. 237 (Rev. St. Kan. 1923, 60–962, 60–963), authorizing garnishment of earnings of officers and employees, and county could not be garnisheed therefor.

At Law. Garnishment proceedings by the Citizens' State Bank of St. Francis, Kan., against the Standard Engineering & Construction Company, with the County of Cheyenne, Kan., garnishee. On separate motions of garnishee and defendant to discharge garnishment proceedings. Motions granted.

Wheeler, Brewster & Hunt, of Topeka, Kan., for plaintiff.

H. C. Tobey, of Salina, Kan., and Charles F. Tew, of Denver, Colo., for defendant.

L. D. Dowling, of St. Francis, Kan., for garnishee.

POLLOCK, District Judge. The facts are defendant, the Standard Engineering & Construction Company (hereinafter called the

Construction Company), entered into a contract with the county of Cheyenne to build and construct about 14 miles of highway in such county, the same being known as "federal aid project No. 145." During the period of construction work on said road, and at a time when the county was indebted to the Construction Company in more than $6,-500, this action was instituted by plaintiff against the Construction Company on two promissory notes, each for the sum of $2,-500. The county was garnisheed, and answered it had money in its hands in excess of $6,-500 due the Construction Company under the terms of said road contract.

The county, as garnishee, and defendant Construction Company now move separately to discharge the garnishment proceedings. The ground of the motion is that in a case of this nature, under the statutory laws of this state, a county may not be garnisheed, and this is the sole question here now presented for decision.

An examination of the statutory law of the state discloses until the year 1919 a county of the state was in no case subject to garnishment proceedings. Haddock v. McDonald, 98 Kan. 628, 159 P. 402. In that year, however, the law-making power of the state enacted as follows (chapter 237, Laws of 1919; sections 60–962 and 60–963, R. S. 1923)·

"That all provisions, requirements, conditions and exemptions of the garnishment laws of the state of Kansas shall apply to all state, county, city, township and school district officers and employees, as well as to all officers and employees of all municipal corporations, to the same extent and effect as such laws apply under the existing statutes of the state of Kansas to officers and employees of private corporations. That consent is hereby given for garnishment suits and proceedings to be brought against the state and such counties, townships, cities, school districts and other municipal corporations in the same manner and under the same procedure as is now provided by law for bringing such suits and proceedings against private corporations: Provided, this section shall apply only in case where it is sought to hold and apply the earnings of such officers and employees for personal services rendered to the state and such counties, townships, cities and other municipal corporations to the payment or indebtedness of such officers and employees to the plaintiff in such garnishment proceedings.

"Such proceedings may be brought against the state, county, township, city or other municipal corporation, as garnishee defendant, and process served upon the state auditor, county clerk, or other auditing officer whose duty it is to pay or issue warrants for the payment of the amount due such officer or employee for the service which has been rendered by him. But such proceedings shall not be brought after the issuance of any warrant or check for any sums due any such officer or employee. Service of process of garnishment may be made upon the state auditor, county clerk, or other auditing or financial officer of any municipal corporation or school district included within the provisions of this act, and it shall be the duty of such auditor, county clerk, or other officer to answer any garnishment summons served upon him under the provisions of this act in the same manner as is now provided by law for the answer of private corporations: Provided, that the state auditor, county clerk, or other auditing or financial officer upon whom service may be made under this act shall not be required to appear and answer said summons in person, nor shall he be required to appear and answer interrogatories, but he may file his answer in writing and may transmit the same by United States mail to the clerk of the court or justice of the peace issuing said summons."

[1] As such proceedings are purely of statutory origin, and as prior to the statute in question a county might not be garnisheed, it is entirely clear any one relying upon such statutory right must bring himself clearly within the provisions of the law or fail in his attempt.

[2] Now the defendant Construction Company, under its road contract with the county, occupies the relation of an independent contractor with the county, and is not an employé or officer of the county in the sense such terms are employed in the act, and that the money due the Construction Company from the county under the provisions of the road contract at the time the county was served with the summons in garnishment was money due under the terms of an independent contract, and was not earnings due it for personal services as an officer and employé of the county, is entirely too clear for argument.

It follows, there being no provision of law on which the garnishment in this case can rest, or under which it may be upheld, the attempted proceedings in garnishment in this case must be and are discharged, and the motion therefore granted. It is so ordered.