TOWNSHIP OF QUINCY, IN GREENWOOD COUNTY, v. JAMES SHEEHAN.

TOWNSHIP—*Failure to Erect Water-Marks—Liability.* A township is not liable, under chapter 237 of the Laws of 1887, for losses arising from the failure of a road overseer to erect and maintain watermarks at the fords of streams that in high water become impassable, to indicate the depth of the water at such fords.

*Error from Greenwood District Court.*

ACTION by *James Sheehan* against the *Township of Quincy,* Greenwood county, Kansas, to recover damages for the loss

of property resulting from the alleged negligence of the township in maintaining a highway. He alleged that Quincy township was a subdivision of Greenwood county, and that—

"A certain stream of water, commonly known as the 'Walnut,' runs through and across said Quincy township; that a certain public road, the same being a county road, crosses said stream. Said ford or crossing was known to said defendant to at times be unfordable by reason of high water.

"Plaintiff for his cause of action against said defendant says, that on the 29th day of May, 1889, he, in the regular course of his business, was traveling over and upon said county road, and while so traveling came to the ford or crossing above referred to; that he was unacquainted with said crossing; that he referred to a water-mark then and there being, and that said water-mark showed as the bottom or lower figure '7'; that about $4\frac{1}{2}$ feet of said water-mark was visible below the said figure '7,' and that he believed the water to be about $2\frac{1}{2}$ feet deep, as was indicated by said water-mark; that the plaintiff, without fault or carelessness on his part, for the purpose of crossing said stream as aforesaid, drove into said stream at such regular crossing, and following the regular trend of said road; that said stream was then and there more than six feet deep; that without fault or carelessness on his part one of his (plaintiff's) horses was then and there drowned; that in order to extricate the other horse he was compelled to cut to pieces and destroy a set of double harness; that by reason of the said high water his spring wagon was broken and partially destroyed; that in trying to save the lives of his horses the plaintiff suffered great bodily harm and exposure; that all said loss was occasioned and caused by the defendant's carelessness and neglect to put up or cause the same to be put up good and plainly marked water-marks, as is required by law to be so put up and maintained at the crossing of the streams in this state.

"That prior to the commencement of this action the plaintiff demanded from the defendant the sum of $300; that said sum was his reasonable damages so as aforesaid sustained; that the defendant refused to pay the same or any part thereof; that an itemized account of plaintiff's claim is filed herewith, made part hereof, and marked 'Exhibit A.'" [The items in the exhibit amount to $300.]

The township filed a demurrer, alleging that the facts stated

by the plaintiff did not constitute a cause of action against the township in his favor, which demurrer was overruled. The township then filed an answer, and a trial was had with a jury, which resulted in a verdict against the township in the amount of $150. Exceptions were taken to the ruling of the court upon the demurrer and to other rulings made in the course of the trial, and the *township* brings the case here for review.

*W. S. Marlin,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: In a statute enacted in 1887, it was provided that —

"Any person who shall, without contributing negligence on his part, sustain damage by reason of any defective bridge, culvert, or highway, may recover such damage from the county or township wherein such defective bridge, culvert or highway is located, as hereinafter provided; that is to say, such recovery may be from the county when such damage was caused by a defective bridge constructed wholly or partially by such county, and when the chairman of the board of county commissioners of such county shall have had notice of such defects for at least five days prior to the time when such damage was sustained; and in other cases such recovery may be from the township, where the trustee of· such township shall have had like notice of such defect." (Laws of 1887, ch. 237.)

An earlier provision of statute provides —

"That each road overseer, within his district, shall erect and keep up, at the expense of the township, posts or boards at the fords of every river or creek that in high water becomes impassable, which posts shall be set at, or near, low water-mark, on which shall be inscribed in legible letters, or plain figures, the depth of water at low water, together with a scale of feet showing the scale of feet above low water-mark to the height which said stream is known to have ever risen." (Gen. Stat. of 1889, ¶ 5514.)

The plaintiff seeks to establish a liability against the township under the first provision, claiming that he sustained

damage by reason of a defective highway. The only negligence attributed to the township in his pleading is the failure to put up water-marks at the crossing of the stream where his loss occurred. Is the township liable for the damages claimed by reason of such failure? We think not. No such liability exists unless it is expressly imposed by statute. (*Eikenberry v. Township of Bazaar*, 22 Kas. 556; *Comm'rs of Marion Co. v. Riggs*, 24 id. 255.) Under the statute quoted, the township may be required to respond in damages where the injury results from a defective bridge, culvert, or highway; but a water-mark, which is required to be placed at or near a ford, cannot reasonably be said to be a part of a bridge, culvert, or highway; and the neglect of the overseer to place such water-mark at a ford or crossing was not, we think, within the contemplation of the legislature in enacting the law of 1887, imposing a liability upon counties and townships. The duty of placing water-marks at every ford is not imposed on the township trustee or the township board, but on the overseer of the district; and it will be observed that the defects for which the township may be held liable must be brought to the notice of the township trustee, and not to the road overseer. If such a neglect of the overseer rendered the township liable, it is difficult to see how far the liability might be extended. In another provision the duty is imposed on him to erect and keep up posts and guide-boards at the forks of every state and county road, containing directions to such cities as are situated on the road, and naming the distances thereto. (Gen. Stat. of 1889, ¶ 5487.) In still another statute the overseer is required to remove, or cause to be removed, between the 15th day of June and the 15th day of July, from the public highways, all cockle-burs, Rocky Mountain sand-burs, burdocks, sunflowers, Canada thistles, and such other obnoxious weeds as may be injurious to the best interests of the farming community. (Gen. Stat. of 1889, ¶ 5517.) The neglect of the overseer to perform these duties may create a liability against him for injuries resulting from his failure; but we do not think that it was intended to impute

such negligence to the township nor impose a liability upon the township for the failure of the road overseer to put up guide-boards and water-marks, nor to cut and remove sun-flowers and cockle-burs in the proper season.

The facts stated in the pleading of the plaintiff below do not constitute a cause of action against the township, and the demurrer of the township should have been sustained.

The judgment of the district court will be reversed, and the cause remanded, with directions to sustain the demurrer of the township and give judgment in its favor.

All the Justices concurring.