THE BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF KEARNY v. L. E. WILLIAMS.

No. 281.*

1. PRACTICE, DISTRICT COURT—*New Trial.* The record examined,
and *held*, that the motion for a new trial was filed within three
days after the return of the verdict, and at the same term of court.

2. MUNICIPAL CORPORATION—*Liability for Acts of its Officers.*
"A *quasi*-municipal corporation, like the board of education of
a city, is never liable for the consequences of a breach of public
duty or the neglect or wrong of its officers unless there is a statute
expressly imposing such liability." (*Lumber Co. v. Elliott*, 59
Kan. 42, 51 Pac. 389.)

Error from Finney district court; WM. EASTON
HUTCHISON, judge.    Opinion filed July 12, 1899.    Re-
versed.

STATEMENT.

ON the 15th day of January, 1890, the defendant in
error entered into a written contract with the board
of county commissioners of Kearny county, Kansas,
whereby he leased and rented certain real estate in
the city of Hartland, Kearny county, for a court-
house.   The lease was to run from the 15th day of
January, 1890, to the 15th day of January, 1891, with
the privilege of renewal for three years more at the
same rate.   Kearny county was to pay to defendant
·in error, his heirs or assigns, as rent for the premises,
the sum of $480, in quarterly payments.   The lease
contained the following :

"The said party of the second part further cove-
nants with the said party of the first part that, at the
expiration of the time mentioned in this lease, to give
peaceable possession of the said premises to the said
party of the first part, in as good condition as they

*Reversed by supreme court.   See 61 Kan. ——, 60 Pac. 1067.—
REP.

now are, the usual unavoidable accidents and loss by fire excepted ; and will not make or suffer any waste thereof, nor lease or make or suffer to be made any alterations therein, without the consent of the said party of the first part, in writing, having been first obtained, and not use or occupy said premises for any business or thing deemed extrahazardous on account of fire.''

At the expiration of the first year the county continued to occupy the building until the 15th day of January, 1894, when it was destroyed by fire.   Williams presented his claim to the board of county commissioners, which was rejected.

On the 13th day of January, 1896, the defendant in error commenced this action in the district court of Kearny county, claiming that he was the owner of an undivided two-thirds interest in the property leased to the county for court-house purposes, and that Mrs. J. F. Ansman was the owner of an undivided one-third interest.   It was alleged in the petition that the fire which destroyed the building was the result of recklessness, carelessness and negligence of the county in permitting waste of such premises and dangerous characters to occupy the building, and allowing combustible material to accumulate in the rooms, and by allowing the hall doors and entrances to remain open day and night, and allowing persons occupying the building recklessly, carelessly and negligently to use fire therein, and that by reason of this carelessness, recklessness and negligence the building was destroyed by fire.   A change of venue was granted on application of plaintiff below, and the case transferred to, Finney county for trial.   In 1897, at the February term of the Finney county district court, the case was; submitted to a jury, and a verdict and special findings returned in favor of the plaintiff for $1200 dam-

ages.    The defendant below, Kearny county, appeals to this court.

*M. G. Kelso*, county attorney, and *Peters & Nicholson*, for plaintiff in error.

*H. F. Mason*, and *Milton Brown*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. :    Our authority to consider this case is challenged, for the reason that it is not affirmatively shown by the record that a motion for a new trial was filed within three days after the return of the verdict and at the same term of court.    It appears from the record that the trial of the case was commenced on the 19th day of February, 1897, and a motion for judgment on the special findings was filed February 21, 1897.    The journal entry reciting the proceedings from the commencement of the trial, on the 19th day of February, 1897, including the verdict and special findings returned by the jury, was filed on the 23d day of March, 1897, and contained the following statements :

"Upon the return of the said verdict and such special findings, the court inquired of the various parties and from counsel if any request was desired to be made, and the answer being in the negative, said jury was discharged.

"Thereupon, in open court, said defendant gave notice of this motion for judgment on the findings and also its motion for a new trial, and thereupon filed its motion for judgment on the findings and afterwards filed its motion for a new trial, said motion being filed during court and within twenty four hours from rendition of judgment."

On the 27th day of February, the motion for judgment on the special findings and the motion for a new

trial were argued, and overruled by the court.   From an examination of this record, we hold the fact to be that the motion for a new trial was filed within three days after the return of the verdict, and that it was filed at the regular term of court at which the verdict was returned.

The question submitted in this case is, When a *quasi*-municipal corporation, a county, with statutory authority enters into a contract for the rent of a building for court-house purposes, is it liable in damages, when the building is destroyed by the negligence of its officers?   The jury, in its special findings, found that the county commissioners were negligent in allowing a part of the house to be occupied by a person not a county officer, in violation of the lease, and by allowing hay and straw and other combustible material to be and remain in the unoccupied rooms, and in leaving the hall door open, and further found that the fire could have been avoided by the commissioners if they had complied with the terms of the lease and kept the hall doors shut and the unoccupied rooms free from hay, straw, and other combustible materials.

It is well settled in this state that a *quasi* corporation, in the absence of an express statute imposing the liability, is not liable for the negligence of its officers. In the case of *Lumber Co. v. Elliott*, 59 Kan. 42, 51 Pac. 389, the supreme court said : ''A *quasi*-municipal corporation, like the board of education of a city, is never liable for the consequence of a breach of public duty or the neglect or wrong of its officers, unless there is a statute expressly imposing such liability.'' In the case of *Comm'rs of Marion Co. v. Riggs*, 24 Kan. 255, the supreme court said : '' In the absence of a liability expressly declared by statute, a county is

not liable for damages accruing from defective high-
ways or public bridges.'' (*Eikenberry v. Township of
Bazaar*, 22 Kan. 556; *Township of Quincy v. Sheehan*,
48 Kan. 620, 29 Pac. 1084; *Field v. Albemarle*, 20 S.
E. 954; *Frye v. County of Albemarle*, 9 S. E. 1004.)

The judgment of the district court will be reversed.