No. 18,703.

MARY R. LOFTUS, *Appellee*, v. THE TAYLOR CORN MILL COMPANY et al. (THE TITLE GUARANTY AND SURETY COMPANY, *Appellant*).

SYLLABUS BY THE COURT.

1. FORCIBLE ENTRY AND DETAINER — *Appeal Bond — Covers Losses by Fire.* The clause of the statutory appeal bond in forcible entry and detainer that the appellant will not commit or suffer waste to be committed on the premises in controversy covers losses by fire occasioned by his negligence.

2. SAME—*Loss by Fire—Evidence Presented Fact for the Jury.* Evidence that the person in control of a mill building, while it remained vacant for several months, permitted its doors and windows to remain open, and provided no watchman, that tramps were frequently seen in it at night, and that it was destroyed by a fire which broke out early in the morning, no train—according to the schedule—having passed on the neighboring railroad track since the evening before, is sufficient to carry to the jury the question whether his negligence was the proximate cause of the fire.

Appeal from Wyandotte court of common pleas; HUGH J. SMITH, judge. Opinion filed March 7, 1914. Modified.

*A. E. Dempsey,* of Leavenworth, *E. S. McAnany,* and *M. L. Alden,* both of Kansas City, for the appellant.

*James F. Getty,* of Kansas City, for the appellee.

Loftus v. Mill Co.

The opinion of the court was delivered by

MASON, J.: Mary R. Loftus obtained judgment in the city court of Leavenworth against The Taylor Corn Mill Company for the possession of a mill standing upon a railroad right of way. The mill company appealed, giving a statutory bond, one of the conditions of which is that it would not commit or suffer waste to be committed on the premises. The district court likewise gave judgment for the plaintiff, which became final. In the meantime the mill had been destroyed by fire. The plaintiff brought action upon the bond and recovered a judgment against the principal, the mill company, and the surety, The Title Guaranty and Surety Company. The surety company appeals.

The plaintiff contends that the fire was caused by the negligence of the mill company in failing to take proper care of the building while in its charge, and upon this theory the recovery included an allowance for the value of the building, less the insurance and salvage. This is the part of the judgment chiefly complained of.

If the fire resulted from the negligent conduct of the mill company, the loss was covered by the bond, being classified as permissive waste. (30 A. & E. Encycl. of L. 256; 40 Cyc. 499.) The surety company contends that there was no evidence that the mill company's negligence was the proximate cause of the fire. There was testimony that the building was suffered to remain vacant, without a watchman, for six months before the fire; that the doors and windows were open; that the windows were broken—that there was not a whole pane of glass in the building, and in places the sashes were broken out; that the doors were broken down; that tramps, or men who looked like tramps, were frequently seen in the mill at night and early in the morning; that insurance was refused on the property because of its condition; that the fire started in

the morning; that if the regular schedule was followed no train had passed since six o'clock the evening before. The jury found specifically that the fire was the result of the negligence of the mill company in allowing the windows to be broken out and doors to be torn down, thereby throwing the building open to the public. If direct or circumstantial evidence had clearly shown that the fire was intentionally or accidentally set by tramps camping in the building, a fair question would obviously have been presented for the determination of the jury, as to whether the mill company's negligence in permitting the mill to remain open and unguarded was not the proximate cause of the loss. A jury might well determine that due care requires one in control of such a building to maintain a watchman (*Duer v. Allen & Son,* 96 Iowa, 36, 64 N. W. 682), or at least to keep the doors and windows shut. One purpose, perhaps the principal and most obvious purpose, of such precautions would be to prevent stragglers from making the place a resort and setting fire to it. Destruction by fire caused in that manner is one of the results readily to be anticipated from the omission of these or similar measures of precaution. There is a direct causal connection between the failure to care for the safety of the building and its loss in the manner indicated. (13 A. & E. Encycl. of L. 448; cases cited in *Leonard v. Cement Co.,* ante, p. 735.)

Notwithstanding the want of evidence indicating the particular manner in which the fire originated, we think the circumstances warranted the finding of the jury that it was due to the negligence of the mill company. A very similar situation upon the facts was presented in *Williams v. Kearny County,* 61 Kan. 708, 60 Pac. 1046, reversing *Kearny County v. Williams,* 8 Kan. App. 850, 60 Pac. 1045. There a landlord was permitted to recover from a tenant the value of a building destroyed by fire, on the ground that reasonable precautions on the part of the latter would have

prevented its destruction. In that case as in this there was a failure to show how the fire originated. In *Railroad Co. v. Perry,* 65 Kan. 792, 70 Pac. 876, a finding that a fire had been caused by the operation of a railroad was sustained, although practically all the evidence on the subject was that it had broken out on the leeward side of the track shortly after a train had passed; it was not shown that the engine was emitting sparks, or that it was working hard, and no attempt was made to exclude other possible origins. In the opinion it was said: "If the circumstances present a reasonably adequate cause, they will be sufficient to go to the jury, even though some other cause which may be suggested may not be excluded." (p. 794.) In the present case there was some evidence tending to exclude the theory that the fire was set by a passing engine. The testimony as to the building being frequented by tramps suggested a very plausible origin. In the absence of anything to indicate a different source we think the inference that the fire was occasioned by vagrants who made it a stopping place can not be said to be unreasonable.

Complaint is made that there was a want of evidence to sustain the value placed upon the mill by the jury, on the ground that the witness whose testimony was followed in that regard failed, upon cross-examination, to show how far his estimate was based upon the rights acquired from the railroad company. The witness in his examination in chief stated that the mill was worth $5000. Whether the effect of this was weakened by the cross-examination was a question for the jury.

The jury in their verdict undertook to allow interest from the date of the fire, and the judgment followed the verdict in this respect. It is conceded by the appellee that the judgment should be modified by eliminating interest prior to its rendition, and this will be done. Otherwise the judgment is affirmed.