WHERRY, APPELLANT, *v.* SPRINKLE ET AL., RESPONDENTS.

(No. 3,455.)

(Submitted January 8, 1915.   Decided January 20, 1915.)

[146 Pac. 735.]

*Appeal—Presumptions—Burden of Showing Error on Appellant.*

> 1.   On an appeal from an order granting a new trial made by a judge other than the one who heard the cause, the appellant, as in all other cases, has the burden of overcoming the presumption that the ruling appealed from is correct; hence where no error is assigned nor any attempt made to show the impropriety of the order appealed from, affirmance of the order follows.

*Appeal from District Court of Blaine County; John W. Tattan, Judge.*

ACTION by Tollie F. Wherry against Chas. E. Sprinkle and another.   Judgment for plaintiff, who appeals from an order granting defendant a new trial.   Affirmed.

*Mr. W. B. Sands,* for Appellant, submitted a brief and argued the cause orally.

*Mr. R. E. O'Keefe* and *W. H. Kuhr,* for Respondents, submitted a brief; *Mr. O'Keefe* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

This cause was tried in the district court of Blaine county before Hon. Frank N. Utter, one of the judges thereof.   Verdict and judgment were for the plaintiff, and defendants moved for a new trial assigning all the statutory grounds.   Judge Utter, having been disqualified, called upon Hon. John W. Tattan, the other judge of said court, to hear and determine the motion. and he, by a general order, granted the same.   This appeal is from that order.

The appellant, laboring under the mistaken notion that the burden is on the respondent to vindicate the order, assigns no

[1] error nor seeks in any way to show its impropriety. It has been too often repeated to require citation that this court approaches every case with the assumption that the ruling appealed from is correct. The fact that the judge who made the order was not the one who presided at the trial affects the indulgence with which we view his judgment on the evidence, but does not deprive him of all judicial faculty in passing upon the record. (*In re Williams' Estate, ante,* p. 142.) On appeal from such an order, therefore, as in all other cases, the appellant must take the burden.

There being nothing before us upon which the order appealed from may be questioned, the same is accordingly affirmed.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied March 9, 1915.