No. 24,509.

L. STOCKDALE, *Appellee*, v. MIDLAND VALLEY RAILROAD COMPANY, *Appellant*.

#### SYLLABUS BY THE COURT.

FIRE—*Destruction of Hay Near Right of Way—Origin of Fire—Circumstantial Evidence.* Evidence which shows that hay was stacked a few hundred feet from the railroad right of way, that the hay was burned, that fire was seen in the hay at and immediately after the passing of trains, that the wind was blowing hard from the railroad toward the hay, and that the fire burned from the railroad right of way to the hay, is sufficient to compel the court to submit the case to the jury, to warrant the jury in returning a verdict for the plaintiff, and to justify the court in rendering judgment in favor of the plaintiff.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed June 9, 1923. Affirmed.

*Albert Faulconer, Kirk W. Dale, C. L. Swarts,* all of Arkansas City, and *O. E. Swan,* of Muskogee, Okla., for the appellant.

*C. T. Atkinson, Tom Pringle,* and *W. L. Cunningham,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against it for damages caused by its trains setting fire to hay owned by the plaintiff in Oklahoma.

The plaintiff lived on a farm in Osage county, Oklahoma, and had thereon, two stacks of baled hay, one of which was burned on February 11, and the other on February 23, 1921.

It is argued that there was not sufficient evidence to warrant the submission of the case to the jury; that the defendant's demurrer to the plaintiff's evidence should have been sustained; that the court should have directed the jury to return a verdict for the defendant; and that judgment should not have been rendered for the plaintiff.

These questions turn on the sufficiency of the evidence to sustain the judgment for the plaintiff. That evidence showed that the plaintiff owned two stacks of baled hay situated a few hundred feet from the right of way of the defendant; that the hay was burned on the days named; that fire was seen in the hay at and immediately after the passing of trains of the defendant; that the wind was blowing hard from the right of way of the defendant toward the hay; and that the fire burned from the railroad right of way to the hay. That evidence was sufficient to compel the court to submit the case to the jury, to warrant the jury in returning a verdict for the plaintiff, and to justify the court in rendering judgment for the plaintiff.

In *Railroad Co. v. Perry*, 65 Kan. 792, 70 Pac. 876, this court said:

"The fact that soon after the passing of an engine a fire starts near a railway-track in an enclosed field covered at the time with a growth of highly inflammable vegetation, and travels before a high wind in a direction away from the track, is sufficient to warrant a jury in finding that the fire was caused by the operation of the railroad, without its appearing that the engine emitted sparks or live cinders or was put to special exertion, and without further proof excluding other possible origins." (Syl. ¶ 1. See, also, *Railroad Co. v. Blaker*, 68 Kan. 244, 75 Pac. 71; *Railroad Co. v. Noland*, 75 Kan. 691, 693, 90 Pac. 273; *Loftus v. Mill Co.*, 91 Kan. 856, 859, 139 Pac. 480; and *Otey v. Railroad Co.*, 108 Kan. 755, 757, 197 Pac. 203.)

There was evidence which tended to show that the trains of the defendant did not cause the fires, but the evidence for the plaintiff and that in favor of the defendant was for the consideration of the jury, and its determination is conclusive.

The judgment is affirmed.