No. 29,842.

W. R. YERKES, *Appellant*, v. THE KANSAS PIPE LINE & GAS COMPANY, *Appellee*.

(1 P. [2d] 271.)

Opinion filed July 3, 1931.

*Carr W. Taylor* and *Harry H. Dunn*, both of Hutchinson, for the appellant.

*A. C. Malloy, Roy C. Davis* and *Warren H. White*, all of Hutchinson, for the appellee; *T. F. Doran, Clayton E. Kline, Harry W. Colmery* and *M. F. Cosgrove*, all of Topeka, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by W. R. Yerkes against the Kansas Pipe Line & Gas Company to recover damages

sustained from a fire alleged to have been negligently started by the defendant. A demurrer to plaintiff's evidence was sustained by the court, and from that ruling plaintiff appeals.

The defendant was constructing a pipe line along the south side of plaintiff's land on which there were trees, shrubs and a nursery. On March 12, 1929, a fire originated on or near the pipe line where there were dead grass and weeds, and when a strong wind was blowing from the south the fire spread northward over plaintiff's land, destroying the trees and shrubs growing thereon. There is no dispute as to the extent of the loss occasioned by the fire, but there is a controversy as to the origin of the fire, and whether it was due to the negligence of the defendant. Plaintiff alleged, in substance, that the defendant by and through its employees, who were engaged in the construction of the pipe line, carelessly and negligently set out the fire in the dry grass along the line. Although questioned, the averment appears to be sufficient to charge that the fire originated through the action and negligence of the defendant. Proof was produced by plaintiff tending to show that the fire originated on the line where the defendant's employees were at work. A part of their work was the cutting and welding of pipes that were being laid, and in doing this acetylene torches were used. These torches and the blower, when in use, threw a fire a short distance from the pipe on which the welders were operating. When the fire started welders and other employees of defendant at once made an effort to put out the fire, in which the whole force, about sixty in number, joined in fighting the fire, but were unable to extinguish it before the damage mentioned was done.

No specific testimony of any witness was given that he saw the sparks ignite the dry grass, but a reading of the testimony shows that the fire started near to where welding was being done and where sparks were flying. There was some inconsistency in the evidence of witnesses, but if there was competent evidence fairly supporting the plaintiff's cause of action the court was not justified in sustaining a demurrer to the evidence. Ben Guthrie, the foreman of the defendant in charge of the work, was called as a witness by plaintiff and after testifying to certain facts relating to the pipe-laying process and the fire in question, gave testimony on cross-examination to the effect that no welding was done in the area of the fire, and other testimony to the effect that the fire could not have originated from torches used by the welders. He was not

present at the place where the fire started, and his testimony that there was no welding done when and where the fire started was refuted to some extent by other witnesses who found upon taking up the pipe that welds, twelve in number, had been made along where the fire started. The fact that there were some inconsistencies or contradictions in the testimony of plaintiff's witnesses did not warrant the court in sustaining a demurrer to the evidence, if all he produced, direct and circumstantial, favorable to him taken together fairly tended to prove the material facts necessary to make a *prima facie* case. In *Kansas City, Ft. S. & G. Rld. Co. v. Foster,* 39 Kan. 329, 18 Pac. 285, syl. ¶ 1, it was decided:

"Where a plaintiff introduces evidence sufficient to prove all the material facts of his case *prima facie,* some of which facts, however, are proved only by circumstantial evidence, and also introduces the direct testimony of one witness contradicting some of the facts proved by this circumstantial evidence, and no other evidence is introduced in the case, the court may rightfully overrule a demurrer to the evidence, and may also rightfully sustain a verdict found by the jury in favor of the plaintiff upon the evidence." (See, also, *Jansen v. City of Atchison,* 16 Kan. 358; *Wingfield v. McClintock,* 85 Kan. 207, 113 Pac. 395; *Davis v. Railway Co.,* 104 Kan. 604, 180 Pac. 195.)

In its brief the defendant concedes that if plaintiff had offered testimony sufficient to establish the essential elements of his case, the fact that some of his witnesses on cross-examination contradicted their direct examination, or contradicted other witnesses as to certain facts, would not justify the court in sustaining a demurrer to the evidence, but it contends that a *prima facie* case was not established that the fire originated from any negligent act for which the defendant was liable.

Although the evidence did not show the particular manner nor the moment in which the fire originated, there seems to be evidence enough to take the case to the jury. It was shown that the defendant was using fire at or near the place where the fire started. Torches that had been used by the welders were found at the place. There was dead inflammable grass at the place, which had been ignited, and the fire had been carried by the wind across the plaintiff's premises. No other origin or agency for the starting of the fire appeared. The origin of such fires is largely to be shown by circumstantial evidence. The circumstances here appear to us to afford a reasonably adequate cause of the fire and to warrant an inference that it originated from the sparks emitted from the torches defendant was using at the place of origin. In *Railroad Company*

*v. Perry,* 65 Kan. 792, 70 Pac. 876, where there had been a loss by fire, it was shown to have started a few minutes after a train passed at a point where there was dry, inflammable vegetation and the fire was carried by a high wind to the property destroyed, and this evidence, it was held, "is sufficient to warrant a jury in finding that the fire was caused by the operation of the railroad, without its appearing that the engine emitted sparks or live cinders or was put to special exertion, and without further proof excluding other possible origins." (Syl. ¶ 1.)

In another case in which there was a destruction of hay, from fire alleged to have originated by a railroad company, it was held:

"Evidence which shows that hay was stacked a few hundred feet from the railroad right of way, that the hay was burned, that fire was seen in the hay at and immediately after the passing of trains, that the wind was blowing hard from the railroad toward the hay, and that the fire burned from the railroad right of way to the hay, is sufficient to compel the court to submit the case to the jury, to warrant the jury in returning a verdict for the plaintiff, and to justify the court in rendering judgment in favor of the plaintiff." (*Stockdale v. Railroad Co.,* 113 Kan. 635, 215 Pac. 1021.)

See, also, *Loftus v. Mill Co.,* 91 Kan. 856, 139 Pac. 480, and other cases referred to in those cited.

Holding that the evidence was sufficient to require the submission of the case to the jury, the judgment is reversed and the cause remanded for further proceedings.