# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

SECOND DISTRICT—MAY TERM, 1895.

## Emory J. Green v. The Young Men's Christian Association.

1. ORDINARY CARE—*No Recovery Where the Evidence Shows a Want of.*—Where in an action for personal injuries the evidence shows a want of care on the part of the injured party there can be no recovery.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed June 1, 1896.

W. T. IRWIN and W. I. SLEMMONS, attorneys for appellant.

STEVENS, HORTON & ABBOTT, attorneys for appellee.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellee is the owner of a five story building in the city of Peoria. On December 30, 1893, appellant, who was a dentist, occupied offices on the second floor of the building as a tenant of appellee. The building was provided with a passenger elevator operated by appellee for carrying persons to and from the various floors and rooms of the building. On that day the elevator was descending from

(459)

the fifth floor, and appellant attempted to enter it at the second floor.   He was not successful, but only got partly in, and his right foot remained on the landing of the second floor; his right leg was caught between the top of the elevator door and that landing, and was broken in the descent of the elevator, and he was otherwise injured.   He brought this suit to recover damages for his injuries, and charged that they were due to the incompetence, inexperience and negligence of appellee's servant in charge of the elevator. Appellee pleaded not guilty, and the jury found the issue in its favor.   A motion for a new trial was overruled and judgment entered accordingly.

Counsel express themselves as entirely satisfied with the instructions as to the law given to the jury, and do not complain of anything that occurred at the trial except the admission in evidence of the lease under which plaintiff occupied his offices.   The ninth clause of the lease exempted the defendant as lessor from liability for any accidental damages to the person of the lessee from operating the elevator, and it is claimed that its effect was to mislead the jury as to the liability of defendant under the issues formed in the case, which related only to the question of negligence.   The lease was not relevant to the issue, and its admission was not proper, but the court instructed the jury that it did not release or discharge defendant from liability for injuries to persons caused by the negligence of the defendant or its servants in operating the elevator. Under this instruction the lease could do no harm, since, if the jury found that there was no negligence, there was no liability; and if they found that defendant's servant was negligent the lease would not discharge from liability.

The evidence showed that the elevator descended very slowly from the fifth floor, taking in passengers at each floor, and had been signaled by another person at the second floor. It was stopped and stood still somewhat below the level of the second floor, and the outside door being unfastened and pushed back, the person who had signaled stepped in. Plaintiff claimed at the trial that he was at the door at that time and called "down." The elevator was full, and

he said that he waited a moment for the occupants to move up and make room for him; that they did so and he stepped in with his left foot; that the elevator started at the same time, and that he was against the other men or fell against them and could not get his other foot inside. The witnesses called by him as to the accident did not agree with him on the material facts, and he was contradicted by disinterested witnesses for defendant. The very clear preponderance of the evidence is against his claim and in support of the verdict. The elevator door at the second floor was on the opposite side from the doors on the other floors, and the operator stood at the cable and indicator on the side principally used. The elevator was full, so that the operator could not well get across to the door at the second floor, and when it stopped there one of the occupants pushed back the sliding door, and admitted the one who had given the signal. It appears from the disinterested witnesses that plaintiff was not there at that time; that the door was started to close and was on an incline so that it would close and latch itself; that the elevator was started at that time and that plaintiff came hurrying from his office, called out to hold on, or wait, grasped the door, pushed it back, placed one foot in the descending elevator and swung his body in, but failed to get his right foot in. The operator had turned to his work and did not see him.

The evidence showed such a want of care on the part of plaintiff as would prevent a recovery, and necessitated the verdict which was returned. The judgment will be affirmed.