Zimman v. Miller Hotel Co.

Reese, C. J., not sitting.

---

Harry B. Zimman, Administrator, appellant, v. Miller Hotel Company, appellee.

Filed April 17, 1914. No. 17,706.

1. **Carriers:** Action for Death: Refusal of Instruction. Plaintiff alleged that the death of his decedent was caused by the incompetency of defendant's elevator conductor, but failed to introduce any competent evidence of that fact. *Held,* That the trial court properly refused to submit that question to the jury.

2. **Witnesses:** Evidence of Party's Witness. A party is ordinarily bound by the testimony of his own witness on the question of

negligence, unless the circumstances or the evidence of other witnesses would warrant the jury in disregarding the evidence of such witness.

3. **Appeal: Instructions: Last Clear Chance.** Where the plaintiff sought to recover under the rule of the last clear chance, and that question was submitted to the jury under proper instructions, the verdict of the jury will not be set aside unless it is clearly wrong.

4. **New Trial: Designation of Instructions.** Where the trial court, by mistake, marked one of his instructions "refused," which was in fact given, and it was considered by the jury as having been given, the fact that it was marked "refused" not having been discovered by any one until after the verdict was returned, such mistake is not a ground for granting a new trial.

Appeal. from the district court for Douglas county: Lee S. Estelle, Judge. *Affirmed.*

*Weaver & Giller,* for appellant.

*John C. Wharton* and *Edgar M. Morsman, Jr.,* contra.

Barnes, J.

Plaintiff, as administrator of the estate of W. S. Kenneth, brought this action against the Miller Hotel Company, to recover damages sustained by the widow and next of kin by reason of the death of his decedent, which plaintiff alleged was caused by the defendant's negligence. A trial in the district court for Douglas county resulted in a verdict for the defendant. A motion for a new trial was overruled, judgment was rendered on the verdict, and the plaintiff has appealed.

It appears that on or about the 27th day of August, 1909, W. S. Kenneth, traveling for a Duluth house, came to Omaha and registered as a guest at the Rome Hotel, which was conducted by the defendant, the Miller Hotel Company. He was assigned to a room on floor B of the hotel, where he remained as a guest until the morning of August 28, 1909, at which time the accident occurred which caused his death. It appears that the hotel contained an elevator for the use and convenience of its

guests, which ran in what is called an elevator shaft extending from the basement to floor E, or the top floor of the hotel. On each floor there was a slide-door opening from the hall or corridor into the elevator shaft. The doors were each fitted with a catch, which was operated from the inside of the elevator cage, which was supplied with a register, electrically connected with a push button on each floor, by which the elevator conductor could be notified by any one desiring the use of the elevator on his floor. The elevator was in charge of a conductor named John D. Fisher. On the morning in question, shortly before 9 o'clock, while the elevator was at the bottom of the shaft, the conductor received a call from floor E, or the top floor of the hotel, and in response thereto he started the elevator cage up the shaft for that floor. In passing floor B, while the elevator was going at full speed, or nearly so, Kenneth attempted to get into the elevator cage, and was caught between the floor of the cage and the top of the elevator shaft door. The conductor stopped the elevator, thus releasing Kenneth, who fell to the bottom of the shaft, and was almost instantly killed. The plaintiff alleged, among other things, that defendant's elevator conductor was incompetent, and his incompetency was the cause of the accident. The trial court, by his instructions, took that question from the consideration of the jury, and the plaintiff alleges error therefor.

As we view the record, there was no evidence introduced showing the incompetency of the conductor, and there is no evidence in the record showing, or tending to show, that incompetency on his part was the cause of the accident. It is a fact that the plaintiff introduced a section of an ordinance of the city of Omaha requiring elevator conductors to obtain a license, but evidence was also produced which showed that Fisher obtained such a license on the second day after the accident, and this evidence, if competent for any purpose, showed that Fisher was competent to run an elevator. It can hardly be said that, if he was competent on Tuesday after the accident, he was incompetent two days before to engage in the busi-

ness of running an elevator. We therefore conclude that the trial court did not err in his instructions to the jury on that question.

Plaintiff also alleged in his petition that the defendant's elevator conductor was negligent in failing to close the door of the shaft to the elevator on floor B, and that was the cause of Kenneth's injury and death. This brings us to the consideration of the evidence on that question. The plaintiff called John D. Fisher, the elevator conductor, as his witness, and his testimony was the only evidence which was produced on that question. Fisher testified that he had made several trips with his elevator to the top floor of the hotel on the morning before the accident occurred; that when he came down the last time before Kenneth was injured the elevator door on floor B was closed; that when he passed floor B on his way up to floor E, the door on floor B was open, and Kenneth attempted to get into the elevator cage as it was passing; that the elevator was going at full speed, and Kenneth had to step up in making his attempt to enter the cage; that as soon as he saw Kenneth he stopped the elevator, but before he could bring it to a full stop Kenneth was caught and was doubled up between the floor of the cage and the top of the elevator shaft door, and when the elevator stopped Kenneth was released and fell down the shaft. No other evidence was produced showing, or tending to show, how the accident occurred. Fisher's testimony was apparently delivered in a straightforward manner, and without equivocation or any attempt at concealment. His evidence was fair and consistent. He was the plaintiff's own witness, and under those circumstances plaintiff was bound by his testimony. It follows that there was a failure of proof showing, or tending to show, that the elevator conductor was negligent in failing to close the door on floor B. It is true that, if there had been any other evidence from which the plaintiff could claim that the conductor was negligent in that respect, that question might have been submitted to the jury. But such was not the case, and, if that question had been submitted to the jury, they would have been obliged

to indulge in speculation and conjecture, which would not have been permissible. It follows, therefore, that the district court properly refused to submit that question to the jury.

It was further alleged that the elevator conductor negligently failed to stop the car and close the door on floor B before proceeding to floor E. It must be remembered that when the elevator came down the shaft in passing floor B the door was apparently closed. So there was no occasion for the conductor to assume, when he started to answer the call on floor E, that the door on floor B would be open, or that any one would attempt to get into the elevator on that floor. The testimony shows that when the elevator conductor answered that call he started from the office floor at full speed, and when he reached floor B, he was suddenly confronted with a situation that required him to stop his car as soon as possible in order to avoid injury to Kenneth. This he attempted to do, but, owing to the speed at which he was going, he failed to accomplish that purpose, and that allegation of negligence was unsupported by the evidence. The allegation that the hall on floor B was dark needs no consideration, other than to say that no evidence was offered to support it.

Plaintiff also alleges error because the court instructed the jury that it was negligence *per se* for the plaintiff's decedent to attempt to get onto a moving elevator. We think this instruction was correct, and it was not error to give it when submitting the question of the last clear chance to the jury.

Finally, it is alleged that the elevator conductor negligently failed to stop his car after he saw Kenneth in a position of peril, although he had time to do so, and therefore defendant was liable for Kenneth's injury and death. This raises the question known as the doctrine of the last clear chance. As we view this case, that was the crucial question, and that question was submitted to the jury under proper instructions. A verdict was returned for the defendant, and we can see no reasonable grounds on which we can set it aside.

It appears that the court, by mistake, marked the instruction by which that question was submitted to the jury "refused," instead of "given," and that was assigned as error in plaintiff's motion for a new trial. The motion was supported by the affidavit of one of the jurymen, who stated that he was misled by the instruction which was marked "refused," but he failed to state that the cause of his being misled was that the instruction was so marked, instead of being marked "given." The evidence, however, is overwhelming that no one discovered the mistake in marking the instruction until long after the verdict was returned. The instruction in question was in fact given. It was handled and read by the attorneys on both sides during the arguments, and no one discovered the mistake. It was sent out with the jury, and they read it and commented on it, and none of them discovered the fact that it was marked "refused." In fact, it was treated by every one as "given." On this evidence the court refused to grant a new trial, and we are of opinion that the ruling on that question was right, and a new trial was properly refused.

This seems to be one of those cases where the plaintiff was unable to produce sufficient evidence to render the defendant liable for the death of his decedent, and therefore the judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.