No. 3026

Second Circuit

---

COX v. ARDIS BUILDING CO., INC.

---

(November 10, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Negligence—Par. 1, 10.**
One who catches the door of an elevator as it is closing and the elevator moving, opens it and climbs or falls into the moving elevator, is negligent.

2. **Louisiana Digest—Negligence—Par. 28.**
The doctrine of last clear chance is not applicable where, as soon as the oper-

ator of the elevator saw the perilous position in which the plaintiff had negligently placed himself, did all in her power to prevent the accident, the brakes of the elevator being in good condition.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by A. B. Cox against Ardis Building Company, Incorporated.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Moss & Peters, C. H. Lyon, of Shreveport, attorneys for plaintiff, appellant.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant, appellee.

WEBB, J.    The plaintiff brought this action to recover damages for injuries sustained by him in an elevator operated by defendant in its office building in the city of Shreveport, and he appeals from a judgment rejecting his demands.

## OPINION

The plaintiff alleged that the operator of the elevator was negligent in starting the elevator before the door was closed and before he had time to enter the elevator and adjust himself to its motion, and, further, that after he had fallen in the elevator car and was in a perilous position the operator failed to stop the elevator and prevent the accident, and that the failure to so stop the elevator was due to the brakes on the elevator being in bad condition.

The evidence shows that the door opening into the elevator is opened and closed by the operator and that as the operator starts to set the car in motion the door is shoved-to and it automatically catches and closes the entrance to the elevator or elevator shaft; that on the occasion of the accident the plaintiff had been brought down from his office and had landed from the elevator on the ground floor of the building and had proceeded a short distance when, he says, he decided to return to his office, at which time, however, the evidence establishes that the elevator door was closing and the car moving upward and that plaintiff in his haste caught the door and prevented it from closing and fell or climbed into the moving elevator and lay on the floor of the car with his legs extending out through the opening or doorway and that one of his legs came in contact with the top of the door frame as the elevator ascended.

The plaintiff was clearly guilty of negligence in attempting to enter the elevator under such conditions and in such manner (Green vs. Y.M.C.A., 65 Ill. App. 459; Zimman vs. Miller Hotel Co., 146 N.W. 1030; H. B. Phillips vs. Pruitt, 82 S.W. 628); and conceding that the operator was guilty of negligence in starting the car before the door had fully closed (which we do not think was the case, as there is not any evidence showing that she knew plaintiff wished to enter the car) the plaintiff was guilty of contributory negligence, and cannot recover unless the evidence shows that the doctrine of the last clear chance is applicable.

The operator of the elevator says that the manner of plaintiff's entry into the car caused her to become excited, but that she applied the means under her control in an attempt to stop the car immediately upon noting the situation; and accepting that as true, it is argued that the inability of the operator to stop the elevator before it reached the top of the door frame was due to defective brakes on the elevator.

The evidence, however, does not show that the brakes were defective, but, on the other hand, we find that the preponderance of the evidence establishes that the brakes were not defective, and that the elevator was in all respects in good condition; and it being shown that the operator was competent, and that she immediately noted the perilous position in which the plaintiff had placed himself and did all in her power to prevent the accident, we do not think that the doctrine of the last clear chance is applicable.

The judgment appealed from is therefore affirmed.