GRANT TRASK, APPELLEE, V. JACOB KLEIN ET AL.,
APPELLANTS.

34 N. W. 2d 396

Filed November 5, 1948.    No. 32460.

*Perry & Perry,* for appellants.

*Butler & Eisenhart* and *J. F. Ratcliff,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an action at law to recover damages caused to plaintiff's truck when it was forced off the highway to avoid a collision with defendant Klein's tractor. The jury returned a verdict for the plaintiff in the amount of $804 and the defendants appeal.

The evidence shows that plaintiff's truck was engaged in hauling gravel from McCook, Nebraska, to Oberlin, Kansas, over the graded and oiled highway between

those two points. On January 9, 1947, about 5:15 p. m., as the truck was proceeding south it came upon defendant Klein's tractor with two loads of hay in tow which was also being driven south by the defendant Miley. Plaintiff's driver testified that he saw the defendant's outfit at a distance of a quarter of a mile and that he first sounded his horn at a distance of six blocks. The rear load of hay was described as being eight feet wide and nine feet high. The tractor could not be seen from the rear. Plaintiff's driver says that he approached the vehicle at a rate of speed of 15 miles per hour. The tractor and trailing vehicles were then traveling at ten miles per hour. The evidence shows that there was a turn-in to a farmhouse on the left side of the highway near the scene of the accident. Plaintiff's driver testifies that as he came even with the rear load of hay and turned to the left to pass, Miley turned the tractor to the left to enter the turn-in on the opposite side of the road. Miley applied his brakes and blocked the highway as he brought the tractor to a stop. Plaintiff's driver states that he was obliged either to collide with defendant's tractor or to turn his truck off of the highway to avoid a collision. He did the latter and suffered the damage to the truck complained of. Plaintiff's driver also states that defendant appeared to have gone past the turn-in at the time he turned to the left. This appears to have been done to enable the two loads of hay to make the turn into the farm entrance. Plaintiff's evidence shows that the operator of the tractor made no signal before turning, that in fact he could not be seen until he turned to the left of the load of hay that concealed him. Plaintiff's driver says that the gravel truck was equipped with air brakes and a loud-sounding horn, both of which were used and were in good working order. He says that he was 20 feet from the tractor when it suddenly turned and blocked the road. There was a four-foot shoulder on the left side of the highway and an eight-foot drop-off to the left of the shoulder. Plain-

tiff's truck came to a stop approximately 60 feet southeast of the farm entrance. Plaintiff testified that the truck was completely demolished. There is evidence that the truck had a reasonable market value of $2,500 before the accident and no value thereafter. Evidence was offered that the loss of the use of the truck was $35 per day, which was not admitted when defendants objected thereto. One expert witness called by plaintiff testified that the truck was worth about $350 before the accident and $100 thereafter. He also stated that the truck could be repaired for $200.

The defendants offered evidence that plaintiff's truck was traveling 50 or 60 miles per hour as it started to pass the first hayrack; that there was ample space to pass on the pavement and shoulder; that the driver failed to sound his horn; and that the driver stated, after the accident, that his brakes did not seem to take hold. The record shows a conflict in the evidence on these points, but in view of the jury's findings we are obliged to view the facts most favorable to the plaintiff in considering the sufficiency of the evidence to sustain the verdict.

The evidence of plaintiff and his witnesses was sufficient to sustain a finding of negligence on the part of the driver of defendant's tractor. If the tractor was turned to the left suddenly in front of plaintiff's truck without a warning signal or without the driver looking to determine whether any vehicles were approaching from the rear, and caused the accident by suddenly blocking the highway, as the jury found, the evidence is sufficient to sustain the jury's verdict of negligence on the part of the operator of the tractor. A verdict based upon conflicting evidence will not be reversed on appeal if there is evidence from which reasonable minds might draw different conclusions. Dischner v. Loup River Public Power District, 147 Neb. 949, 25 N. W. 2d 813.

The defendants complain of the refusal of the trial

court to instruct the jury that the loss of the use of plaintiff's truck was not a proper element of damage to be considered where the truck was damaged to such an extent as to be beyond repair. In this connection the record shows that the trial court instructed the jury on the theory alleged in the petition that the truck was completely demolished. In stating the measure of damages to the jury, the trial court in part said: "* * * the measure of plaintiff's recovery under the issues and evidence in this case is the fair and reasonable market value of said plaintiff's truck immediately before said accident, less the reasonable market value of any salvage you may find from the evidence plaintiff recovered from the truck after the accident." The trial court did not submit the question of damages resulting from a loss of the use of the truck nor in any way make reference thereto in its instructions to the jury. In fact, the defendants objected to the offer of such evidence and their objection was sustained. The trial court is not required to instruct upon matters not within the issues.

The defendants urge that the trial court erred in instructing the jury on the theory that plaintiff's truck was demolished when it appears from the evidence that one of plaintiff's expert witnesses testified that it was not demolished and that it could be repaired for the sum of $200. It is further urged that plaintiff is bound by this evidence and that a judgment in an amount greater than $200 is excessive. The record shows that plaintiff called one Dallas G. Divine and qualified him as an expert on the value of used cars and trucks. He then gave it as his opinion that the truck in question was of the reasonable value of $350 before the accident and $100 after the accident. He later stated that he had not seen the truck for almost a year and that he did not know the condition of the truck on the date of the accident. On cross-examination he reaffirmed his estimates as to value and stated that in his opinion the

truck could have been repaired at a cost of $200. No objection was made to this evidence.

As a general rule a party calling a witness vouches for his credibility and is ordinarily bound by any evidence he gives which is not contradicted or shown to be unreliable. In other words, a party who offers the evidence of a witness cannot subsequently object that it should not have been received or that it is insufficient to sustain a judgment based thereon. But a party calling a witness is not necessarily bound by his testimony. This is true where the testimony is contradicted, either expressly or by inference, by evidence that would justify the trier of facts in arriving at a different conclusion. The foregoing rule appears to have been recognized in Zimman v. Miller Hotel Co., 95 Neb. 809, 146 N. W. 1030. In that case plaintiff called defendant's elevator operator to establish negligence in the operation of the elevator. The witness testified to facts which absolved himself of fault. No other evidence was produced showing, or tending to show, how the accident occurred. This court said: "He was the plaintiff's own witness, and under those circumstances plaintiff was bound by his testimony. It follows that there was a failure of proof showing, or tending to show, that the elevator conductor was negligent in failing to close the door on floor B. It is true that, if there had been any other evidence from which the plaintiff could claim that the conductor was negligent in that respect, that question might have been submitted to the jury." See Ross v. Carroll, 138 Neb. 1, 291 N. W. 726.

An authoritative text states the rule as follows: "Expert opinions are not ordinarily conclusive in the sense that they must be accepted as true on the subject of their testimony, but are generally regarded as purely advisory in character; the jury may place whatever weight they choose upon such testimony and may reject it, if they find that it is inconsistent with the facts in the case or otherwise unreasonable. * * * Opinion

testimony as to value is not conclusive; when uncontradicted, it may be regarded as sufficient proof, but even in such case the jury may exercise their independent judgment." 20 Am. Jur., Evidence, § 1208, p. 1060.

In a case similar in principle the Kansas court said: "Where a plaintiff introduces evidence sufficient to prove all the material facts of his case prima facie, some of which facts however are proved only by circumstantial evidence, and also introduces the direct testimony of one witness contradicting some of the facts proved by this circumstantial evidence, and no other evidence is introduced in the case, the court may rightfully overrule a demurrer to the evidence, and may also rightfully sustain a verdict found by the jury in favor of the plaintiff upon the evidence." Kansas City, Ft. S. & G. R. R. Co. v. Foster, 39 Kan. 329, 18 P. 285. See, also, Yerkes v. Kansas Pipe Line & Gas Co., 133 Kan. 429, 1 P. 2d 271. It would seem to us that the foregoing rule would have particular application to an expert witness whose opinion might be based on evidence considerably different than that of some other expert witness. In the case at bar the witness Divine testified that he had not seen the truck for almost a year, while other witnesses had full knowledge of its condition. The jury has a right to consider these matters when the evidence as a whole is sufficient to sustain the cause of action alleged. If in so considering the evidence, the jury believes the witness whose evidence is contradictory to that of plaintiff's other witnesses, plaintiff is in no position to complain since he vouched for the credibility of the witness by offering his evidence in the case. But the fact that an expert witness called by a plaintiff may testify contrary to plaintiff's other witnesses and in a manner helpful to the defendant does not bind the plaintiff to accept it as true when other evidence sufficient to sustain plaintiff's case is in the record. It remains a question for the jury.

The defendants rely upon the case of McClary v. En-

dom's Transfer & Storage Garage, 19 La. App. 515, 139 So. 702. This case appears to have been tried to the court without a jury. The evidence as to the cost of repairs to the damaged car was very conflicting. Plaintiff's two witnesses testified that it was damaged to the extent of $763.50 and $660.90 respectively. After the case was closed it was reopened for the taking of additional evidence as to the cost of repairs. Plaintiff then produced evidence that the damage was $432.10. The trial court entered judgment for $400, an amount which was not justified by any evidence in the record. In considering the case on appeal the court in discussing plaintiff's claim that the judgment should have been for the full amount prayed for said: "He is surely bound by this estimate and cannot contend for the higher figure." The court thereupon increased the judgment to $432.10. We do not think this case is authority for the contention here advanced because of the special circumstances to which the rule was there applied.

We have examined all other assignments of error and find them to be without merit. The issues were fairly submitted to the jury and the verdict returned is sustained by the evidence.

AFFIRMED.