BROWN & BIGELOW, A CORPORATION, APPELLEE, v. JERRY C. GORDON, DOING BUSINESS AS GORDON FUEL COMPANY, APPELLANT.

41 N. W. 2d 382

Filed March 7, 1950. No. 32722.

*Burbridge & Burbridge,* for appellant.

*Paul I. Manhart,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action at law brought by the plaintiff to recover from the defendant the purchase price of merchandise sold by the plaintiff to the defendant under a written contract. The case was tried to a jury resulting in a verdict in favor of the plaintiff in the sum of $427.45, together with interest and costs of the action. Judgment was accordingly entered on the verdict. Upon the overruling of the defendant's motion for new trial, defendant appealed.

For convenience the parties will be referred to in this appeal as originally designated in the district court.

The defendant assigns as error the overruling of defendant's motions for directed verdict and new trial, and the failure of the trial court to instruct the jury as to what constitutes a contract of purchase.

The record discloses that the plaintiff is a corporation engaged in the business of manufacturing and selling calendars and other forms of advertising. The defendant, at the time of the negotiations for the purchase of the calendars from the plaintiff, was engaged in the business of selling coal, coke, fuel oil, and heating accessories under the name of the Gordon Fuel Company. On December 31, 1946, one Jorgensen, salesman for the plaintiff and a friend of the defendant, called upon him for the purpose of soliciting an order for calendars for the year of 1948. These parties had known each other for 25 or 30 years and were on friendly terms. The defendant for the two or three years previous had given this salesman orders for calendars. On this day an order was signed for 1,500 modern home calendars in handy wrappings, with season's-greetings top sheets in the same quantity, the purchase price being $427.45. On this order was written the following language: "Do not ship until Oct. No Storage Please do not manufacture until April —customer reserving this quantity for increase or decrease Do not invoice Customer until October." Attached to the order was a description of the defendant's business, showing a new location. This order was sent by the salesman to the plaintiff on or about January 2, 1947. Thereafter, in April 1947, the plaintiff requested the salesman to contact the defendant with reference to the quantity of the merchandise purchased. The salesman, after contacting the defendant as requested by the plaintiff, reported to the plaintiff that the quantity of 1,500 as shown by the order was all right. Thereafter, on April 30, 1947, the assistant credit manager for the plaintiff, familiar with the defendant's account, gave approval of the defendant's credit for the quantity designated on the order. The matter having been cleared up by the salesman as to the quantity, the calendars were printed on May 26, 1947, and stored in the plaintiff's warehouse on May 29, 1947, for the reason that the order carried a shipping date of October 1, 1947.

On June 5, 1947, the plaintiff wrote the defendant a letter explaining that the order had been complied with and the merchandise stored, setting forth a certain discount for immediate delivery, and requesting the defendant to note his desire in such respect on the bottom of the letter. The defendant initialed the letter, using the language: "Not at present."

Thereafter the plaintiff shipped the calendars through the Union Transfer Company on September 25, 1947. The defendant refused the shipment, indicating he did not want the shipment delivered until he advised. The transfer company asked the plaintiff what disposition should be made of the merchandise. On October 3, 1947, the plaintiff wrote the defendant to the effect that the Union Transfer Company of Omaha had advised it that they had on hand at their station a shipment of merchandise consigned to him, describing the merchandise, the date of the order therefor, the date of the shipment, and suggesting the defendant make arrangements to pick up the merchandise as soon as possible as storage charges were accruing daily. The defendant did not respond to this letter. A copy of the letter was sent to the plaintiff's salesman in Omaha.

On October 28, 1947, the plaintiff again by letter notified the defendant of the contract of purchase, the merchandise and quantity thereof, and suggested the defendant pick up the merchandise at the Union Transfer Company for the reason that storage charges were accumulating daily.

On November 24, 1947, the salesman then being at the head office received a telegram from his wife to the effect that the defendant did not want the calendars for the reason that he had sold his coal business, and asking him to "iron out" the matter.

On December 1, 1947, the defendant wrote the plaintiff with reference to a letter received from the plaintiff on November 28, 1947, to the effect that he was "high-pressured" into the order by the plaintiff's salesman; that

he had told the plaintiff's salesman to take into consideration that the copy might have to be changed, and it was possible that he would not want the calendars printed at all; that the matter was for the salesman to figure out with the company, satisfactory to it; and to the further effect that the calendars would be worthless to the defendant.

It appears from the evidence that when the order was received by the plaintiff the language "Please do not manufacture until April—customer reserving this quantity for increase or decrease" was deleted. The salesman claimed no knowledge of this fact. The plaintiff contended it was deleted for the reason that the quantity had been determined, and they were notified that such quantity was correct.

The defendant's evidence is to the effect that he sold his business on September 6, 1947; that he had transacted business with his friend, the plaintiff's salesman, on previous occasions; and that the order was temporary in effect and not permanent, and subject to his declining the purchase.

An employee of the defendant who was present and heard the conversation between the salesman and the defendant on December 31, 1946, testified that the order was temporary, and based upon the quantity that might be desired in order to protect the defendant's customers in the event of a paper shortage, as stated by the salesman.

The defendant's evidence is also to the effect that nothing was said by the salesman in April as to the quantity of the merchandise as shown by the order.

The foregoing constitutes a résumé of the evidence submitted to the jury.

The trial court instructed properly as to the contentions of the respective parties. Suffice to say, the plaintiff pleaded the contract and the defendant denied it. The jury resolved the facts in favor of the plaintiff.

It is scarcely necessary, we think, to state again the

often repeated rule that the verdict of a jury based on conflicting evidence will not be disturbed on appeal, or cite authorities on that proposition.

When the jury is properly instructed and a verdict returned which is supported by the evidence, the judgment will not be reversed on appeal even though the evidence on material points is highly conflicting. See Trask v. Klein, 150 Neb. 316, 34 N. W. 2d 396.

The issues were fairly submitted to the jury, and the verdict returned is sustained by the evidence.

AFFIRMED.